Richard Daniel McGUIRE, C.L. McGUIRE and Viola McGUIRE *v.* Sharon Lynn McGUIRE, Rebecca Lynn McWILLIAMS and Reba Evett McWILLIAMS

82-21                                                     631 S.W. 2d 12

Supreme Court of Arkansas
Opinion delivered April 5, 1982

*LeRoy Autrey,* of *Autrey & Weisenberger,* and *Kirk D. Johnson,* of *Lingo & Johnson,* for appellants.

*C. Wayne Dowd*, of *Dowd, Harrelson & Moore*, for appellees.

JOHN I. PURTLE, Justice. The Probate Court of Miller County considered an instrument purporting to be the last will and testament of the decedent, Carl Edward McGuire, and a petition to grant letters of administration on the estate. The will had given the testator's property to his wife with the residual beneficiaries being his stepchildren. A divorce ensued; however, the will was not changed. The court rejected the petition for letters of administration and construed the will as though the widow had predeceased the testator and awarded the bounty to the decedent's stepchildren in accordance with the terms of the will.

On appeal the appellant argues two points: (1) the court erred by faiing to recognize the intent of the decedent as expressed in his will and in treating the will as though the former wife had predeceased him; and, (2) the court erred in holding that the stepchildren named in the will should take the estate as residuary legatees. We hold that the probate judge reached the right results in his construction of the will and in the rejection of the petition for appointment of an administrator of the estate.

Carl Edward McGuire executed his last will and testament on January 21, 1975, while he was a resident of Jacksonville, Florida. He and his wife, Sharon Lynn McGuire, were subsequently divorced in Miller County, Arkansas, on January 28, 1980. He died on February 23, 1980. His will was not changed prior to his death.

On March 26, 1980, appellant, Richard Daniel McGuire, oldest brother of the decedent, filed a petition in the probate court in which he sought appointment as administrator of the decedent's estate whom he alleged had died intestate. On April 9, 1980, the former wife filed a petition to probate the will of the decedent.

The pertinent parts of the will were as follows:

*SECOND:* I give, devise, and bequeath the rest, residue

and remainder of my estate of every nature and wherever situated to my wife, SHARON LYNN McGUIRE, or, if she shall not survive me, to my surviving stepchildren in equal shares. If neither my wife nor any stepchild shall survive me, I give, devise, and bequeath the rest, residue, and remainder of my estate of every nature and wherever situated to my brother, RICHARD DANIEL McGUIRE, of Texarkana, Arkansas.

*THIRD:* At the time of the execution of this will I have two stepchildren, REBECCA LYNN McWILLIAMS and REBA EVETTE McWILLIAMS. If subsequent to the execution of this will there shall be additional children born to me, including additional children born after my death or, if there shall be additional children adopted by me, and if any such children shall survive me, then and in such event such children shall share in the benefits of my estate equally and to the same extent as my stepchildren hereinabove named, and the provisions of this will shall be deemed modified to the extent necessary to effectuate such intention.

The facts were stipulated and the court admitted the will to probate and ruled that the stepchildren should take the estate of the testator as residuary devisees. The court held that the divorce caused the will to be treated as if the wife had predeceased the testator.

Ark. Stat. Ann. § 60-407 (Supp. 1981) reads as follows:

If after making a will the testator is divorced or the marriage of the testator is annulled, all provisions in the will in favor of the testator's spouse are thereby revoked. With these exceptions, no will or any part thereof shall be revoked by any change in the circumstances, condition or marital status of the testator; subject, however, to the provisions of Section 33 [§ 60-501] of Act 140 of the Acts of 1949.

We think the above-quoted statute is controlling in this case. The clear meaning of the words used in the statute is

that any bequest to the former spouse is void but the remainder of the will remains in effect. Therefore, the stepchildren were the residuary legatees and the proper parties to receive under the will. It is not necessary for us to try to reach the intent of the testator because the statute solves that problem for us. In view of the obvious effect of the statute we see no reason to embark upon a long discussion in order to decide this case. Therefore, in accordance with Ark. Stat. Ann. § 60-407 the named stepchidren are entitled to receive the property under the terms of the will.

Affirmed.