BAPTIST HEALTH *v.* Bruce E. MURPHY, M.D.,
Scott L. Beau, M.D., David C. Bauman, M.D., D. Andrew Henry,
M.D., David M. Mego, M.D., and William A. Rollefson, M.D.

04-430 209 S.W.3d 360

Supreme Court of Arkansas
Opinion delivered June 2, 2005

*The Health Law Firm,* by: *Harold H. Simpson* and *Seth Ward III,* for appellant.

*Griffin & Block, PLLC,* by: *Royce O. Griffin* and *Clifford P. Block,* for appellees.

PER CURIAM. Appellant Baptist Health (Baptist) appeals an interlocutory order of the Pulaski County Circuit Court, Thirteenth Division, granting a preliminary injunction enjoining Baptist from preventing appellees Bruce E. Murphy, M.D., Scott L.

Beau, M.D., David C. Bauman, M.D., D. Andrew Henry, M.D., David M. Mego, M.D., and William A. Rollefson, M.D., from practicing medicine at its hospitals. We reverse and remand to the circuit court for further findings and order rebriefing.

Baptist is a private, charitable, nonprofit corporation that operates several full-service community hospitals throughout Arkansas. Appellees are cardiologists and are partners in Little Rock Cardiology Clinic, P.A., (LRCC). Appellees hold indirect interests in Arkansas Heart Hospital through their direct ownership in LRCC, which owns 14.5% of Arkansas Heart Hospital. Additionally, appellee Murphy directly owns three percent of Arkansas Heart Hospital, and appellee Henry also directly owns a percentage of Arkansas Heart Hospital. Appellees are on the medical staff of Arkansas Heart Hospital and admit patients there. Appellees are also on the professional staff at Baptist Medical Center in Little Rock and admit patients there.

Baptist's Board of Trustees adopted the Economic Conflict of Interest Policy (Policy), which is the subject of this litigation, at its quarterly meeting in May 2003. The Policy mandates denial of initial or renewed professional staff appointments or clinical privileges at any Baptist hospital to any practitioner who, directly or indirectly, acquires or holds an ownership or investment interest in a competing hospital.

Appellee Murphy's and appellee Beau's terms of appointment at Baptist expired on February 26, 2004. Because both appellees Murphy and Beau hold, either directly or indirectly, ownership or investment interests in Arkansas Heart Hospital, both were deemed ineligible for reappointment by Baptist pursuant to the Policy. The remaining appellees also hold ownership or investment interests in Arkansas Heart Hospital, and they will be similarly affected by the Policy upon the expiration of their respective terms of appointment.

On February 10, 2004, appellees sued Baptist in the U.S. District Court for the Eastern District of Arkansas, alleging that the actions of Baptist violate the federal anti-kickback statute, the Arkansas Medicaid Fraud Act, the Arkansas Medicaid Fraud False Claims Act, and the Arkansas Deceptive Trade Practices Act. Appellees further alleged that Baptist's Policy tortiously interfered with the doctor-patient relationship. Baptist moved to dismiss for lack of federal jurisdiction, and U.S. District Judge James Moody

entered an order granting the motion on February 24, 2004. *See Murphy v. Baptist Health*, No. 4:04CV00112 (E.D. Ark. Feb. 24, 2004) (*unpublished opinion*).

Appellees filed the instant lawsuit, almost identical in form to the federal lawsuit, in the Pulaski County Circuit Court on February 25, 2004. Appellees requested preliminary and permanent injunctive relief to enjoin Baptist from enforcing the Policy. After a hearing on February 26, 2004, and further briefing by the parties, the circuit court granted appellees' motion for preliminary injunction, finding that appellees would ultimately prevail at trial on all points and that absent an injunction, appellees would suffer harm. This interlocutory appeal followed.

 In determining whether to issue a preliminary injunction or temporary restraining order pursuant to Rule 65, the trial court must consider two things: (1) whether irreparable harm will result in the absence of an injunction or restraining order, and (2) whether the moving party has demonstrated a likelihood of success on the merits. *Three Sisters Petroleum, Inc. v. Langley*, 348 Ark. 167, 72 S.W.3d 95 (2002). This court reviews the grant of a preliminary injunction under an abuse-of-discretion standard. *See AJ&K Operating Co., Inc. v. Smith*, 355 Ark. 510, 140 S.W.3d 475 (2004). Rule 65(e) of the Arkansas Rules of Civil Procedure provides in part:

> Every order granting an injunction or restraining order shall set forth the reasons for its issuance; shall be specific in terms; shall describe in reasonable detail, and not by reference to the complaint or other document, the act or acts sought to be restrained or mandated. . . .

In its order granting the motion for preliminary injunction, the circuit court made the following findings:

> The Plaintiffs filed their Motion for Temporary Restraining Order or Alternatively for Preliminary Injunction in this Court on February 25, 2004, stating that Baptist Health's policy of conditioning privileges to physicians based only on Economic Credentialing is contrary to the federal Anti-Kickback Statute, 42 U.S.C. § 1320a-7b(b), the Arkansas Medicaid Fraud Act, ACA § 5-55-111, the Arkansas Medicaid Fraud False Claims Act, ACA § 20-77-902, and is contrary to public and regulatory policy in violation of the Arkansas Deceptive Trade practices Act, ACA § 4-88-101 *et seq.*

Under the Plaintiffs' interpretation of the facts in this case, Baptist's granting privileges to physicians is remuneration in exchange for possible referrals and is, therefore, a violation of the statutes cited above. The Plaintiffs allege that these acts of Baptist are contrary to the above-cited laws and interfere with the right of a patient to be admitted to a hospital and be treated by a doctor of his or her choice. Therefore, the Plaintiffs allege that Baptist's Economic Credentialing policy tortiously interferes with the Plaintiffs' relationships with their patients and tortiously interferes with the Plaintiffs' relationships with referring physicians.

. . .

I. Irreparable Harm

1. The Doctor/Patient Relationship

The relationship of doctor-patient is unique. The loss of this relationship, even temporarily, causes irreparable damage to the doctor and the patient. There is no adequate remedy at law because the loss is a loss of a one-time opportunity.

Moreover, Arkansas Department of Health Rules and Regulations for Hospitals and Related Institutions in Arkansas, Section 5(A)(10) states that "The bylaws [of an institution] shall ensure admission of patients by a physician[,] patient choice of physician and/or dentist and emergency care by a physician." I interpret this to mean that an otherwise qualified doctor must be granted access to his patient for the purpose of treating his patient, if that is what both the doctor and the patient want. Or, stated another way, a hospital cannot deny the services of a physician of the patient's choice if the hospital admits the patient and accepts the patient's insurance company or Health Maintenance Organization to cover any part of the patient's hospital expenses.

2. The Harm to Patients through Inconsistent Healthcare

The physicians raise the possibility of having patients that cannot be referred to the Arkansas Heart Hospital because the patient's insurance plan or health maintenance organization does not cover medical services provided at AHH or only provides coverage for services at a Baptist facility. The effect of Economic Credentialing therefore is to prevent a prospective or existing patient from being treated at the only facility available through insurance to them by the doctor of their choice, possibly resulting in inconsistent healthcare.

### 3. The Reputation of the Plaintiffs

Baptist states that the granting of the injunction requested by the doctors will harm Baptist's reputation because the only inference to be drawn is that Baptist has violated state and federal statutes. The doctors state that, on the other hand, in addition to the disruption to the doctor-patient privilege, their reputations will be harmed if they are not granted privileges or renewal of their privileges because the non-renewal must be disclosed to insurance companies and to other hospitals. A real possibility exists that the denial of privileges to a doctor on purely economic grounds would be interpreted by patients as reflective on the doctor's competency as a physician and disrupt the doctor-patient relationship. Both sides have valid points. However, the fracture of the doctor-patient relationship is paramount, and, therefore, the equities and public policy weigh in favor of the doctors.

. . .

On all of these points, it appears likely that the plaintiffs will ultimately prevail at trial.

. . .

■ We conclude that the circuit court failed to comply with Rule 65(e). Specifically, upon review of the order, we are uncertain of the circuit court's basis for concluding that plaintiffs would ultimately prevail at trial. Without findings on the issue of the likelihood of success on the merits, we are unable to determine whether the circuit court abused its discretion in granting the preliminary injunction. As such, we reverse and remand this case to the circuit court to make findings in accordance with Rule 65(e) on the issue of appellees' likelihood of success on the merits. The preliminary injunction shall remain in effect until further orders of the court.

In addition, upon reviewing the materials included in Baptist's abstract, we note that Baptist has failed to abstract the February 26, 2004, hearing before the circuit court on appellees' motion for preliminary injunction. Supreme Court Rule 4-2(b)(3) explains the procedure to be followed when the appellant has failed to supply this court with a sufficient brief. The rule provides in part:

> Whether or not the appellee has called attention to deficiencies in the appellant's abstract or Addendum, the Court may address the

question at any time. If the Court finds the abstract or Addendum to be deficient such that the Court cannot reach the merits of the case, or such as to cause an unreasonable or unjust delay in the disposition of the appeal, the Court will notify the appellant that he or she will be afforded the opportunity to cure any deficiencies. . . to conform to Rule 4-2(a)(5) and (8). Mere modifications of the original brief by the appellant, as by interlineation, will not be accepted by the Clerk. Upon the filing of such a substituted brief by the appellant, the appellee will be afforded the opportunity to revise or supplement the brief, at the expense of the appellant or appellant's counsel, as the Court may direct. If after the opportunity to cure the deficiencies, the appellant fails to file a complying abstract, Addendum and brief within the prescribed time, the judgment or decree may be affirmed for noncompliance with the Rule.

Ark. Sup. Ct. R. 4-2(b)(3) (2004).

■ We hereby order Baptist to submit a substituted brief that contains a revised abstract that includes an abstract of the February 26, 2004, hearing on the motion for preliminary injunction. Generally, when rebriefing is ordered, appellant is directed to file a substituted brief within fifteen days from the entry of this court's rebriefing order. *See* Ark. Sup. Ct. R. 4-2(b)(3). Here, since we have also reversed and remanded this case to the circuit court for further findings, we direct appellant to file a substituted brief in accordance with the briefing schedule set by the clerk of this court upon entry of the circuit court's order.

Reversed and remanded; rebriefing ordered.

SPECIAL JUSTICES DAVID WESTBROOK DOSS, JR., and JIM BOYD, join.

SPECIAL JUSTICES XOLLIE DUNCAN and JAMES E. BURNETT, JR., concur in part; dissent in part.

SPECIAL JUSTICES DUNCAN and BURNETT, dissenting in part, would not allow the preliminary injunction to remain in effect pending further orders of the court.

CORBIN, IMBER, DICKEY and GUNTER, JJ., not participating.