Jay and Connie POTTER and American RV Park, Inc. *v.*
CITY of TONTITOWN and Washington County
Planning Board

07-161                                                    264 S.W.3d 473

Supreme Court of Arkansas
Opinion delivered October 4, 2007

202

*Jones Jones & Doss, PLC*, by: *D. Westbrook Doss, Jr.*, and *Richard E. Walden*, for appellants.

*Davis, Wright, Clark, Butt & Carithers, PLC*, by: *Constance G. Clark, Mark W. Dossett*, and *Jeff Fletcher*, for appellee City of Tontitown.

J IM GUNTER, Justice. This appeal arises from a December 22, 2006, order of the Washington County Circuit Court denying a motion to dismiss sought by Appellants Jay and Connie Potter and American RV Park, Inc. (collectively "the Potters"). The circuit court also temporarily enjoined the Potters from constructing an RV park on their property. The Potters now bring this appeal.

In December of 2005, the Potters purchased nineteen acres of land outside the city limits of Appellee, City of Tontitown (Tontitown). The Potters applied to Tontitown for a permit to construct an RV park on their property. The Potters later withdrew their application to the City of Tontitown and sought approval for the RV park from the Washington County Planning Board. On October 6, 2006, the Washington County Planning Board granted preliminary approval for the park, but stated, "[c]ity of Tontitown's jurisdiction for this project is currently under debate. If Tontitown is found to have jurisdiction for this project — all County approvals shall be null and void." At this time, the Potters began constructing their RV park.

On October 10, 2006, the Potters filed a complaint against Tontitown and others in the United States District Court for the

Western District of Arkansas, alleging, among other things, that Tontitown did not have planning-area jurisdiction and that Tontitown's actions amounted to a taking of the Potters' property. The complaint sought monetary damages and an injunction to prevent Tontitown from exercising jurisdiction over the property. On October 31, 2006, the Potters filed a complaint in Washington County Circuit Court against Tontitown and the Washington County Election Commission. The Potters sought a declaration invalidating three of Tontitown's ordinances. The Potters also filed a motion for a preliminary injunction to enjoin an election scheduled for November 7, 2006, on the proposed annexation of certain property, including the Potters' nineteen acres, into the Tontitown city limits.

On November 2, 2006, the Potters filed a motion in Washington County Circuit Court to withdraw their motion for preliminary injunction. That same day, the circuit court granted their motion. On November 9, 2006, Tontitown filed an answer to the Potters' complaint as well as a counterclaim. Tontitown also filed a motion for preliminary injunction seeking a declaration that the Potters' property was within Tontitown's planning-area jurisdiction and seeking a preliminary injunction enjoining the Potters from constructing under their permit from the Washington County Planning Commission. The Potters responded to Tontitown's motion for preliminary injunction and filed a motion to dismiss on the basis of the pendency of the federal-court action.

On December 14, 2006, the Potters moved to nonsuit their complaint seeking to invalidate the three city ordinances. On December 15, 2006, the circuit court dismissed the Potters' complaint without prejudice and then conducted a hearing on the pending motions. The circuit court denied the Potters' motion to dismiss on the basis of the pending federal-court action. On December 20, 2006, the Potters filed a motion for reconsideration on the circuit court's denial of the motion to dismiss. On December 22, 2006, the circuit court reaffirmed its denial of the Potters' motions to dismiss and granted Tontitown's motion for a preliminary injunction, finding that Tontitown had a likelihood of success on the merits and would suffer irreparable harm if the injunction was not granted. The circuit court entered an order enjoining the Potters from performing any construction, improvement or other work related to the RV park on the subject property until further order of the court. On December 22, 2006, the Potters filed their notice of appeal. On April 10, 2007, the circuit court entered a

judgment permanently enjoining the Potters from making improvements to their land. The Potters filed a notice of appeal to this court from that order on May 3, 2007. On September 6, 2007, we denied Tonitown's motion to supplement the record in this case.

For their first point on appeal, the Potters argue that the order of preliminary injunction should be overturned for failing to comply with Ark. R. Civ. P. 65(e) (2007) because the order does not contain findings that Tontitown proved a likelihood of success on the merits or that Tontitown would be irreparably harmed if an injunction was not issued. Tontitown responds, arguing that the Potters' appeal from the circuit court order granting a preliminary injunction is moot by virtue of the circuit court's later order granting a permanent injunction. Alternatively, Tontitown asserts that the circuit court's order complied with Rule 65(e) because the order incorporates by reference the reasons stated by the court from the bench. In their reply brief, the Potters argue that we should not consider the permanent injunction because the permanent injunction has not been made part of the record in this case.

## I. Mootness

We will first address the mootness issue. As a general rule, appellate courts of this state will not review issues that are moot. *Allison v. Lee County Election Commission*, 359 Ark. 388, 198 S.W.3d 113 (2004). To do so would be to render advisory opinions, which we will not do. *Id.* Generally, a case becomes moot when any judgment rendered would have no practical legal effect upon a then-existing legal controversy. *Id.* We have recognized two exceptions to the mootness doctrine. *Id.* The first one involves issues that are capable of repetition, but that evade review, and the second one concerns issues that raise considerations of substantial public interest which, if addressed, would prevent future litigation. *Id.*

In the present case, the Potters filed their notice of appeal from the preliminary injunction order on December 22, 2006. On February 19, 2007, the Potters filed the record with this court. On April 10, 2007, the circuit court entered the permanent injunction against the Potters. It was not until July 17, 2007, that Tontitown filed its motion to supplement the record with this court. On September 6, 2007, we denied Tontitown's motion to supplement the record. We will not consider a document that is

not in the record. *See Barnett v. Monumental General Insurance Co.*, 354 Ark. 692, 128 S.W.3d 803 (2003). Therefore, we will not consider the permanent injunction, as it is not part of the record. Accordingly, we reject Tontitown's argument that the present appeal is moot. In any event, this appeal from a preliminary injunction order would be governed by an exception to the mootness doctrine. It involves issues that are capable of repetition, but that evade review upon the entry of an order denying or granting a permanent injunction. *See Allison, supra.*

## II. Ark. R. Civ. P. 65(e)

We now turn to the Potters' assertion that the order granting the preliminary injunction in this case failed to comply with Rule 65(e) of the Arkansas Rules of Civil Procedure, which states:

> Every order granting an injunction or restraining order shall set forth the reasons for its issuance; shall be specific in terms; shall describe in reasonable detail, and not by reference to the complaint or other document, the act or acts sought to be restrained or mandated; and it is binding only upon the parties to the action, their officers, agents, servants, employees and attorneys and upon those persons in active concert or participation with them who receive actual notice of the order by personal service or otherwise.

*Id.* In determining whether to issue a preliminary injunction or a temporary restraining order pursuant to Rule 65, the trial court must consider two things: (1) whether irreparable harm will result in the absence of an injunction or restraining order, and (2) whether the moving party has demonstrated a likelihood of success on the merits. *Baptist Health v. Murphy*, 362 Ark. 506, 209 S.W.3d 360 (2005) (citing *Three Sisters Petroleum, Inc. v. Langley*, 348 Ark. 167, 72 S.W.3d 95 (2002)). We review the grant of a preliminary injunction under an abuse-of-discretion standard. *Id.* In *Baptist Health*, we concluded that the circuit court failed to comply with Rule 65(e) because the order granting a preliminary injunction did not contain findings on the issue of likelihood of success on the merits, and we reversed and remanded the case to the circuit court to make findings in accordance with Rule 65(e) on that issue.

In the present case, the December 22, 2006, order states:

> Based upon the pleadings, evidence presented, testimony of the witnesses and arguments of counsel, and for all the reasons stated

from the bench, incorporated herein by reference, the Court finds as follows:

. . . .

(3) The Separate Defendants Motion for Preliminary Injunction is granted. Plaintiffs are hereby enjoined from performing any construction, improvement or any other work on the subject property which is related in any way to the RV Park until further order of this Court . . . .

The Potters assert that this order is inadequate because it does not contain findings of likelihood of success on the merits nor findings of irreparable harm. Tontitown asserts that the order complies with Rule 65 because of the language "for all reasons stated from the bench, incorporated herein by reference . . . ." Tontitown argues that Rule 65 does not prohibit the incorporation of a trial court's ruling by reference. Tontitown further asserts that this present case is distinguishable from *Baptist Health, supra,* because the appellant in that case did not abstract the circuit court hearing on the motion for preliminary injunction. We agree.

The present case is distinguishable from *Baptist Health, supra.* In *Baptist Health,* the circuit court's order did not incorporate by reference any finding made by the court in a bench ruling. Further, the appellant failed to abstract the hearing before the circuit court on appellee's motion for preliminary injunction. Here, the circuit court's order *incorporates its reasons stated from the bench.* We also have an abstract of the hearing before the circuit court in which the circuit court gives specific reasons from the bench for finding that Tontitown proved likelihood of success on the merits and irreparable harm, stating:

> On October 6, 2006, when Mr. Potter went to the County Planning Commission and obtained a permit, he knew of the last sentence in that document which says that the county ordinance only applied if the City of Tontitown has no jurisdiction over this property, and if the City of Tontitown does have jurisdiction, the permit is null and void. The City of Tontitown has shown me that it is likely to succeed on the merits in that it has complied with Arkansas law concerning the boundaries and maps. It is well established that the courts will not read a provision that was not included by the General Assembly under section 417 of that statute.

. . . .

The second requirement for a preliminary injunction is that irreparable harm will occur. The irreparable harm here is that if the injunction is not granted, the plaintiff could establish a vested right. The City argues that if Mr. Potter is allowed to keep investing in this project, he could have a vested right and the City would be harmed, and that the city will not be able to enforce the city ordinances on this property. We all agree that the city ordinances have certain requirements, and if I do not enjoin Mr. Potter, then I do not know what would prevent someone else from disregarding the ordinances.

■ Based upon these findings, we reject the Potters' argument that Rule 65(e) prohibits a trial court from incorporating by reference its rulings from the bench in an order for preliminary injunction. Because the rulings from the bench are incorporated in the abstract, we are able to determine the circuit court's basis for concluding that Tontitown would ultimately prevail at trial, and whether the circuit court abused its discretion. Therefore, we hold that Rule 65(e) has been satisfied. For the reasons stated below, we find that the circuit court did not abuse its discretion.

### III. Success on the merits

For their next point on appeal, the Potters argue that the circuit court abused its discretion by concluding that Tontitown is likely to prevail at trial because Tontitown did not prove that it has a probability of success on the merits in its underlying request for a permanent injunction. Specifically, the Potters argue that Tontitown did not designate its planning jurisdiction, that their property is not within the legal description filed with the county clerk, and that Tontitown did not demonstrate that the Potters' property was within any of the presented maps or that the Tontitown Planning Commission had a regulation that applied to the Potters' development.

### A. Designation of planning jurisdiction

We will first address the Potters' assertion that Tontitown did not properly designate its planning jurisdiction because only a legal description was filed with the Washington County Clerk in violation of Ark. Code Ann. § 14-56-413 (Repl. 1998). In response, Tontitown argues that the statute only requires that a description of the boundaries, rather than a planning area map must be filed. Tontitown further asserts that while Arkansas law

requires a city's planning commission to prepare and maintain a planning area map, no statute requires that the map be filed. Tontitown therefore contends that it complied with the statute by filing a metes and bounds legal description of the planning area in the office of the Washington County Circuit Clerk on June 15, 2005.

We review issues of statutory construction de novo, as it is for this court to decide what a statute means. *Hodges v. Huckabee*, 338 Ark. 454, 995 S.W.2d 341 (1999). In this respect, we are not bound by the decision of the trial court; however, in the absence of a showing that the trial court erred in its interpretation of the law, that interpretation will be accepted as correct on appeal. *Ghegan & Ghegan, Inc. v. Barclay*, 345 Ark. 514, 49 S.W.3d 652 (2001). The first rule in considering the meaning and effect of a statute is to construe it just as it reads, giving the words their ordinary meaning and usually accepted meaning in common language. *Weiss v. McFadden*, 353 Ark. 868, 120 S.W.3d 545 (2003). We construe the statute so that no word is left void, superfluous, or insignificant; and meaning and effect are given to every word in the statute if possible. *Ozark Gas Pipeline Corp. v. Arkansas Pub. Serv. Comm'n*, 342 Ark. 591, 29 S.W.3d 730 (2000). When the language of the statute is plain and unambiguous, there is no need to resort to rules of statutory construction. *Weiss, supra.* When the meaning is not clear, we look to the language of the statute, the subject matter, the object to be accomplished, the purpose to be served, the remedy provided, the legislative history, and other appropriate means that shed light on the subject. *Id.*

Ark. Code Ann. § 14-56-413(b)(1) states that "[t]he planning commission shall designate the area within the territorial jurisdiction for which it will prepare plans, ordinances, and regulations." Subsection 14-56-413(b)(2) states that "[a] description of the boundaries of the area shall be filed with the city clerk and with the county recorder." In addition to these requirements, Ark. Code Ann. § 14-56-412 (Repl. 1998) provides:

> The commission shall prepare and maintain a map showing the general location of streets, public ways, and public property and the boundaries of the area within the territorial jurisdiction for which it will prepare plans, ordinances, and regulations. The map shall be known as the planning area map.

*Id.*

The Potters assert that the word "description" in subsection (b)(2) is ambiguous, and therefore, the trial court should have looked at the language of the statute, the subject matter, the object to be accomplished, and the purpose served. They contend that the object of filing the planning area boundary map at the county clerk's office is to allow the clerk to determine whether or not the applicant for a building permit should apply with the county's planning commission or the city's planning commission, and it would be impractical to require the county recorder to call or visit the Tontitown City Hall every time he or she needed to determine whether plat approval should be obtained from Tontitown.

■ Here, we agree with Tontitown's contention that the circuit court did not err in its interpretation that the filing of a legal description was sufficient to meet the statutory requirement that Tontitown file a "description of the boundaries." Construing § 14-56-413(b)(2) just as it reads and giving the word "description" its ordinary meaning, we cannot say that the circuit court erred in its interpretation of the statute. *See Weiss, supra.* We do not read into a statute a provision that was not included by the General Assembly. *See Johnson v. Bonds Fertilizer,* 365 Ark. 133, 226 S.W.3d 753 (2006). Here, there is simply no requirement in the statute that the planning area map be filed. We conclude that Tontitown met the requirement of filing a "description of the boundaries" by filing a legal description with the county clerk. Therefore, we hold that the circuit court did not err in its interpretation of § 14-56-413.

### B. Whether the property is within legal description

■ The Potters further argue that we should overturn the circuit court's ruling because Tontitown failed to present any evidence that their property was within the legal description filed with the county clerk. The Potters also assert that Tontitown failed to present any evidence that their property lies within any previously or properly filed planning area boundary map. They contend that Mr. Potter testified at trial that his property lies just south of the 2005 planning area boundary map. Tontitown responds, arguing that the Potters have misread the record. Tontitown asserts that Mr. Potter testified that he thought his property was situated south of the planning area designated on the 1975 and 1990 maps, but that he admitted that his property lies within both the 2001 and 2005 planning-area maps.

At trial, Mr. Potter stated,

> I agree that on Exhibit C, the planning area map filed in 2001, my property lies within the planning area, if I am reading the roads correctly. If I am reading the roads correctly, I agree that my property lies within the planning area as designated on the planning area map from 2005, Exhibit 3. I am sorry, I will not admit that my property lies within the planning area on the planning area map from 2005, Exhibit 3, as I cannot read the dates.

In making its ruling, the circuit court specifically noted that Mr. Potter admitted on both the 2001 map and the 2005 map that his property lies within the boundaries. Therefore, we hold that the circuit court did not abuse its discretion in holding that the property was within the boundaries of the planning area map.[1]

## C. Planning commission regulations

Next, the Potters argue that the circuit court abused its discretion in finding that the Tontitown Planning Commission had adopted an ordinance that applied to the Potters' development. The Potters assert that if Tontitown has no ordinances governing the Potters' proposed development, then the Washington County Planning Board's approval of the RV park was valid. In response, Tontitown asserts that the underlying question presented by this case is whether Tontitown has jurisdiction to regulate the Potters' property and the existence, nature, and effect of any specific land-use regulations are beyond the scope of this appeal.

When an appeal reaches a court via an order granting preliminary injunction, the appellate court will not delve into the merits of the case further than is necessary to determine whether the trial court exceeded its discretion in granting the injunction. *Villines v. Harris*, 340 Ark. 319, 11 S.W.3d 516 (2000). The sole question before the appellate court is whether the trial court departed from the rules and principles of equity in making the

---

[1] The Potters also argue that there was no evidence presented to show that the planning area boundary map was an accurate depiction of the legal description filed with the county clerk or that the legal description was filed with the city clerk. It is well settled that we will not address arguments raised for the first time on appeal. *See McCoy v. Montgomery*, 370 Ark. 333, 259 S.W.3d 430 (2007). Thus, we will not address these issues.

order, and not whether the appellate court would have made the order. *Id.* Therefore, because we are only looking at whether the circuit court abused its discretion in issuing a preliminary injunction, we need not delve into the merits of whether the planning commission had adopted an ordinance that applied to the Potters' development.

### IV. Irreparable harm

For their next argument, the Potters assert that the order enjoining them from continuing to construct their RV park should not have been granted because Tontitown failed to present any evidence of irreparable harm. The Potters seem to challenge the circuit court's decision to enjoin their development to prevent them from obtaining a vested right in the property and the circuit court's decision that they had not yet acquired a vested right to develop their property without regard for Tontitown's land-use plan.

Tontitown responds, arguing that it is undisputed that if construction on the RV park is not temporarily halted, the Potters will continue to develop their property in an attempt to garner a vested right. Tontitown contends that it would suffer irreparable harm if this were allowed to occur prior to a final determination of whether Tontitown had territorial jurisdiction over the Potters' land. Further, Tontitown argues that the Potters have not obtained a vested right because they have not acted in good faith and have not completed substantial performance on their land.

### A. Vested right

We will first determine whether the Potters have a vested right in the property. The Potters argue that they were constructing their RV park in good faith and that they maintained a substantial use of the RV park prior to the injunction, spending $969,571.20. Tontitown argues that the Potters have not acted in good faith because they began construction of the RV park even though they were aware that the county planning board had given them only conditional approval. Tontitown also contends that the Potters' vested right claim must fail because they have not performed work of a substantial nature, asserting that the Potters have only spread gravel and cleared roadways.

In *Blundell v. City of West Helena*, 258 Ark. 123, 522 S.W.2d 661 (1975), we adopted the rule set forth in *Darlington v. Board of Councilmen*, 282 Ky. 778, 140 S.W.2d 392 (1940), that in order to

obtain a vested right one must prove that the owner has in good faith substantially entered upon the performance of the series of acts necessary to accomplish that end. The burden of proof is upon a property owner who claims rights by virtue of a non-conforming use. *Id.* The mere contemplated use without active steps beyond preliminary work or planning or substantial investment to effectuate it is not sufficient to invest a property owner with property rights in a nonconforming use, or with a right to extend a nonconforming use. *Id.* Preliminary contracts or work which is not of a substantial nature is not sufficient to establish a vested right. *Id.* The mere purchase of property with intention to devote it to a use is not sufficient in spite of preliminary work, such as clearing, grading, and excavating, if that work is not of a substantial nature, or if the owner has not incurred substantial obligations relating directly to the use of the property. *Id.*

■ In the present case, the Potters had knowledge that the county's approval of their development was conditional, and would be considered null and void if Tontitown was found to have jurisdiction. Yet, they began developing their property anyway. Therefore, we conclude that they did not act in good faith.

■ We now will turn to the issue of substantial use. In *Blundell,* we held that the first twenty-five spaces of a mobile home park constituted a use of the property under the substantial use test, thereby giving Blundell a vested right. Each of those spaces were either in use or ready to be used. In *Blundell,* the property had paved concrete roads, driveways and patios, and water and sewer lines. Here, there have been no steps taken beyond preliminary work, planning, or substantial investment to effectuate a contemplated use. *See Blundell, supra.* At trial, Mr. Potter presented pictures of gravel that had been laid for road construction. He testified that the park was ready for electricity and that the park was ready to have concrete poured. He further testified that he had begun construction work and moving dirt. Clearly, there has not been work of a substantial nature completed on the property in the present case as there was in *Blundell,* where we found substantial use. The Potters claim to have spent $967,571.20 in construction costs towards their ultimate goal. However, we conclude that the Potters have not met their burden of proving substantial use in this case. *See Blundell, supra.* Even if they had met the substantial use test, they did not do so in good faith. Therefore, we hold that the Potters do not yet have a vested right in their property.

We now turn to the issue of whether the circuit court abused its discretion in finding irreparable harm. As stated above, in determining whether to issue a preliminary injunction or a temporary restraining order pursuant to Rule 65, the trial court must consider two things: (1) whether irreparable harm will result in the absence of an injunction or restraining order, and (2) whether the moving party has demonstrated a likelihood of success on the merits. *See Baptist Health, supra.* Harm is normally only considered irreparable when it cannot be adequately compensated by money damages or redressed in a court of law. *Three Sisters Petroleum, Inc., v. Langley,* 348 Ark. 167, 72 S.W.3d 95 (2002).

■ In the present case, Tontitown explained that it would suffer irreparable harm if the Potters were to acquire a vested right during the pendency of this case. Specifically, Tontitown asserted that it would be unable to enforce its regulations against the Potters' land; that the purpose behind Ark. Code Ann. § 14-56-413 would be thwarted; and the condition imposed upon the building permit by the Washington County Planning Board would be nullified. As stated above, the circuit court enjoined the Potters' development to prevent them from obtaining a vested right during the pendency of this case, also finding that the Potters had not yet acquired a vested interest in the property. The circuit court stated, "I think that when a city argues that regulations apply and it tries to enforce them, while someone continues to build, the city will be harmed, possibly suffer irreparable harm, if a vested right occurs." We agree that if the Potters had acted in good faith and were allowed to continue developing their property, they could garner a vested right, thereby causing Tontitown irreparable harm. Keeping in mind that we review the grant of a preliminary injunction under an abuse-of-discretion standard, and the circuit court's decision will not be reversed on appeal unless it is clearly erroneous, we hold that the circuit court did not abuse its discretion in finding irreparable harm.

## V. Subject-matter jurisdiction

Finally, the Potters argue that the circuit court did not have subject-matter jurisdiction to hear Tontitown's counterclaim because the Potters had filed a complaint in the United States District Court for the Western District of Arkansas in which the Potters sought relief from the same issue that Tontitown sought a declara-

tory judgment.[2] The Potters assert that because there is a pending federal-court action between the same parties involving the same issues, the circuit court lacks jurisdiction. Tontitown responds, arguing that the parties and issues in the state and federal court actions are different, and therefore, the circuit court had jurisdiction to hear Tontitown's counterclaim.

When the pending action is in a jurisdiction served by courts other than the courts of this state, dismissal on the basis of Ark. R. Civ. P. 12(b)(8) is not permitted. *National Bank of Commerce v. Dow Chemical Co.*, 327 Ark. 504, 938 S.W.2d 847 (1997). We have interpreted that statute as applying only to prohibit identical actions from proceeding between identical parties in two courts of this state. *Id.* We have opined that the matter was one of venue, not at all implicated when one of the actions was in a different "jurisdiction," *i.e.*, a federal court which, we said, was like the court of another state. *Id.* As successor to the statute, our Rule 12(b)(8), which is found in F.R.C.P. 12(b) upon which the remainder of our Rule 12(b) was modeled, applies only to actions filed in separate Arkansas courts. *Id.* Thus, this court has consistently held that Rule 12(b)(8) prohibits identical cases from proceeding in different courts within this state. *Id.*

In the present case, the Potters filed a complaint in the circuit court seeking declaration that certain ordinances were invalid. Subsequently, Tontitown filed a counterclaim and a motion for preliminary injunction, asking the circuit court to enjoin the Potters' construction of their RV park under the approval of the county planning commission and asking the court to declare that Tontitown had planning jurisdiction over the Potters' property. The Potters then filed a motion for voluntary dismissal of their complaint, which the circuit court granted. Thereafter, the Potters filed a motion to dismiss Tontitown's counterclaim. The circuit court denied the motion to dismiss, stating from the bench that *Dow Chemical* did not confer him any discretion as to whether or not he could dismiss the case. Therefore, the circuit court denied the motion to dismiss based on Rule 12(b)(8). The Potters rely on *UHS of Ark., Inc. v. Charter Hospital of Little Rock, Inc.*, 297 Ark. 8, 759 S.W.2d 204 (1988), for their proposition that the circuit court erred in denying the motion to

---

[2] The Potters recognize that we do not usually hear appeals except from final orders and ask us to nevertheless hear this jurisdiction issue. *See Villines v. Harris*, 340 Ark. 319, 11 S.W.3d 516 (2000). We have disposed of this issue by considering it on appeal.

dismiss. However, *UHS* involved two actions in two Arkansas state courts. Here, we are dealing with a case in state court and a case in federal court. Therefore, *UHS* does not apply in this situation.

■ Here, the two cases involve different parties and different issues. The Washington County Planning Board is a party to the state-court action, but not to the federal-court action. The Tontitown Planning Commission, Tontitown Water and Sewer Commission, the Washington County Election Commission, and Mick Wagner are all defendants in the federal case, but are not named as parties in the case filed in state court. In their complaint to the federal court, the Potters allege: violation of substantive due process; failure to provide procedural due process; taking without just compensation; equal protection clause violation; damages pursuant to 28 U.S.C. §§ 1983, 1985, and 1988; breach of contract; promissory estoppel; and tortious interference. In their complaint to the state court, the Potters sought declaration that three city ordinances are invalid. Tontitown sought a declaratory judgment confirming that the Potters' property is within the city's territorial jurisdiction, as well as a preliminary injunction to prevent the Potters from proceeding with their RV park. Despite the fact that the Potters nonsuited their case, the parties and issues in the state-court case and the federal-court case are different. Based on the fact that the cases are different, coupled with our holding in *Dow Chemical*, we hold that the circuit court did not lack subject-matter jurisdiction to hear this matter, and therefore did not err in dismissing the Potters' motion to dismiss. Accordingly, for the foregoing reasons, we affirm the circuit court's rulings.

Affirmed.

GLAZE, J., not participating.