Caroline Louise LANGSTON *v.* Tony LANGSTON,
Administrator; Heirs of Donald Ray Langston, Deceased;
Estate of Donald Ray Langston, Deceased

06-1365                                        266 S.W.3d 716

Supreme Court of Arkansas
Opinion delivered November 1, 2007

[Rehearing denied December 6, 2007.*]

---

* IMBER and DANIELSON, JJ., not participating.

*Stephen M. Sharum* and *Mark E. Ford*, for appellant.

*Lonnie C. Turner; Hardin, Jesson & Terry, PLC*, by: *Rex M. Terry*, for appellees.

JIM GUNTER, Justice. This appeal arises from an order of the probate division of the Sebastian County Circuit Court granting a petition for declaratory judgment filed by Appellee Tony Langston ("Tony"), administrator of the estate of the Honorable Donald Ray Langston ("Langston"), deceased, regarding the application of Arkansas's implied revocation statute, Ark. Code Ann. § 28-25-109(b) (Repl. 2004), revoking a holographic will, which provided that Langston's estate would pass to Appellant Caroline Louise Langston ("Caroline"). We affirm the circuit court's ruling.

On May 26, 1978, Langston and Caroline were married. They separated on or about August 2, 1999. On August 10, 1999, Caroline filed for divorce, and the circuit court announced their settlement from the bench on March 20, 2000. On April 7, 2000, Langston wrote a holographic will with the following language:

Will

I, Don Langston, hereby will all my property, real, personal, and money to Caroline Louise Langston.

/s/Don Langston
4-7-2000

In the holographic will, Caroline was not named as the personal representative of the estate. Langston and Caroline were divorced on May 23, 2000, when the circuit court entered the divorce decree. The couple, however, continued a close relationship after their divorce was finalized. According to several affidavits, the couple lived together for four months after the divorce until Caroline could purchase a house. They had keys to one another's houses. They talked daily and ate meals together. They also attended family functions together. Langston also paid many of Caroline's bills after their divorce. Langston, aged sixty-seven, died in Fort Smith on August 8, 2005, without issue.

On August 31, 2005, Caroline filed a petition for probate of will and appointment of personal representative. In the petition, she named herself as the surviving spouse and two aunts as heirs.

She also listed the value of the property as $498,000 with $70,000 in real property and $428,000 in personal property. In her petition, she requested that she be named as the "sole beneficiary and distributee of the estate." Four proofs of the holographic will were also filed on August 31, 2005.

On September 2, 2005, the circuit court entered an order probating Langston's will and appointing Caroline as the personal representative. A testamentary letter was filed on that same day. However, Langston's brothers, sisters, and their heirs filed responses to Caroline's petition on September 16, 2005, November 28, 2005, and December 22, 2005. In their respective petitions, they requested that the court appoint an independent personal representative of the estate and declare the will and benefits invalid.

Further, on February 3, 2006, Langston's heirs filed a petition to remove Caroline as the personal representative pursuant to Ark. Code Ann. § 28-48-105. On February 3, 2006, the heirs also filed a petition for declaratory judgment, pursuant to Ark. Code Ann. § 16-111-105 (Repl. 1999), asserting that the implied revocation statute, Ark. Code Ann. § 28-25-109, should revoke Caroline's bequest from inheriting Langston's estate. Specifically, the heirs argued that Langston's holographic will was revoked as an operation of law, without respect to the testator's subjective intent, because Langston's divorce with Caroline was entered after the execution of the will. Attached to the petition was the May 23, 2000 divorce decree. On February 14, 2006, Caroline responded to the petition to remove her as personal representative and to the petition for declaratory judgment.

On April 4, 2006, Caroline filed a motion for summary judgment, arguing that the statute was not applicable to the facts and circumstances of the case. With her motion for summary judgment, she filed six affidavits in support. On April 24, 2006, the heirs filed a response to Caroline's motion for summary judgment, claiming that the holographic will was ineffective. Attached to the heirs' response to Caroline's motion for summary judgment was an affidavit by Tony, Langston's first cousin.

The circuit court entered a letter order, dated September 13, 2006, in which the circuit court ruled that the holographic will was drafted before the divorce was finalized, thereby nullifying the will as void under Ark. Code Ann. § 28-25-109(b). The court noted that it was of the opinion that Langston's intent was to pass the estate to his former wife; however, "he did not legally do so." The court granted the petition to remove personal representative;

noted that the petition for appointment of administrator should be filed with heirs listed; denied Caroline's motion for summary judgment; and granted the petition for declaratory judgment. On September 25, 2006, the circuit court entered an order to that effect. An order appointing Tony as administrator of Langston's estate was filed on September 26, 2006. On October 9, 2006, Caroline filed a notice of appeal. From the September 25, 2006 order, Caroline now brings her appeal.

In the present case, the circuit court disposed of the petition for declaratory judgment, the petition to remove personal representative, and the motion for summary judgment after reviewing the petitions, "the responses," and "the pleadings." Thus, the standard of review is one for summary judgment. We have stated that summary judgment is to be granted by a trial court only when it is clear that there are no genuine issues of material fact to be litigated, and the party is entitled to judgment as a matter of law. *Danner v. MBNA Am. Bank, N.A.*, 369 Ark. 435, 255 S.W.3d 863 (2007). The standard is whether the evidence is sufficient to raise a fact issue, not whether the evidence is sufficient to compel a conclusion. *Id.* A fact issue exists, even if the facts are not in dispute, if the facts "may result in differing conclusions as to whether the moving party is entitled to judgment as a matter of law, and in such an instance, summary judgment is inappropriate." *Id.*

On review, we determine if summary judgment was appropriate based on whether the evidence presented in support of summary judgment leaves a material question of fact unanswered. *Id.* We view the evidence in a light most favorable to the party against whom the motion was filed, resolving all doubts and inferences against the moving party. *Id.* Our review focuses not only on the pleadings, but also on the affidavits and other documents filed by the parties. *Id.*

For her sole point on appeal, Caroline argues that the circuit court erred in granting Tony's petition for declaratory judgment regarding the application of Arkansas's implied revocation statute, Ark. Code Ann. § 28-25-109(b), and revoking, as a matter of law, a holographic will, executed by Langston, providing that his estate should pass to Caroline. Specifically, Caroline contends that (1) the statute should not operate to revoke the clear testamentary intent of Langston to bequeath his estate to Caroline, and (2) that

a divorce decree rendered in open court was effective on the date that it was actually rendered rather than from the date of entry of record.

In response, Tony argues that the circuit court properly granted Tony's petition for declaratory judgment and for the removal of Caroline as the personal representative. Tony asserts that the circuit court correctly interpreted Ark. Code Ann. § 28-25-109(b). Specifically, Tony contends that (1) Langston's intent is irrelevant, and (2) the divorce decree itself reflects that there was a hearing on March 20, 2000, but it has long been established that a divorce occurs on the date that the divorce decree was filed.

We are asked to interpret § 28-25-109. Therefore, our analysis is one of statutory interpretation. We review issues of statutory construction de novo. *Ryan & Co. AR, Inc. v. Weiss*, 371 Ark. 43, 263 S.W.3d 489 (2007). It is for this court to decide what a statute means, and we are not bound by the circuit court's interpretation. *Id.* The basic rule of statutory construction is to give effect to the intent of the General Assembly. *Id.* In determining the meaning of a statute, the first rule is to construe it just as it reads, giving the words their ordinary and usually accepted meaning in common language. *Id.* We construe the statute so that no word is left void, superfluous, or insignificant, and meaning and effect are given to every word in the statute if possible. *Id.* When the language of a statute is plain and unambiguous and conveys a clear and definite meaning, there is no need to resort to rules of statutory construction. *Id.* However, we will not give statutes a literal interpretation if it leads to absurd consequences that are contrary to legislative intent. *Id.* We will accept a circuit court's interpretation of the law unless it is shown that the court's interpretation was in error. *Id.* We seek to reconcile statutory provisions to make them consistent, harmonious, and sensible. *Id.*

The revocation of wills is governed by § 28-25-109, which provides in relevant part:

(a) A will or any part thereof is revoked:

. . . .

(b) If, after making a will, the testator is divorced or the marriage of the testator is annulled, all provisions in the will in favor of the testator's spouse so divorced are revoked.

*Id.* In construing § 28-25-109, we have uniformly held that the only methods of revoking a will are those enumerated in the statute. *Wells*

*v. Estate of Wells*, 325 Ark. 16, 922 S.W.2d 715 (1996). In *McGuire v. McGuire*, 275 Ark. 432, 631 S.W.2d 12 (1982), we stated that the clear meaning of this statute is that any bequest to the former spouse is void, but the remainder of the will remains in effect.

Further, we noted in *Davis v. Aringe*, 292 Ark. 549, 731 S.W.2d 210 (1987), that in 1949, our General Assembly enacted this statute, formerly known as § 60-407, in order to avoid some of the legal uncertainties in past years when dealing with marriage and divorce issues and the doctrine of implied revocation. In *Davis*, a will was executed prior to marriage, the decedent and Aringe married, and then they divorced. We held that the testator's divorce revoked the will provisions made in Aringe's favor, even though the will had been made by the testator prior to his marriage. *Id.*

With this precedent in mind, we turn to the present case. The circuit court made the following rulings in its letter order:

> 20. In the case at bar, Donald Langston drafted and signed his holographic will before the parties' divorce was filed. Therefore, his subsequent divorce nullified all provisions relating to Caroline Langston, who was his wife at the time of the execution of the holographic will. The fact that Donald Langston did not indicate that Caroline Langston as his spouse, but merely stated, "to Caroline Louise Langston" is of no legal consequence. They were legally married at the time.

> 21. Based on the above, it is this court's opinion that the single will provision, as there is only one, is void pursuant to Arkansas Code Annotated § 28-25-109(b). It is this court's opinion that Donald Langston intended to pass his estate to his former wife; however, he did not legally do so. It is this court's opinion that this is a very harsh ruling. It stands contrary to Judge Langston's desire. However, Judge Langston was educated in the law and he failed to ensure that the Arkansas probate laws were followed. This court cannot look the other way in the face of the clear legislative intent of Arkansas Code Annotated § 28-25-109. The Arkansas Supreme Court held in *McGuire v. McGuire*, [275 Ark. 432, 631 S.W.2d 12 (1982)], that "it is not necessary for us to try to reach the intent of the testator because the statute solves that problem for us."

We agree with the circuit court's ruling on this issue. With the rules of statutory construction in mind, we look to the plain language of § 28-25-109, which provides that the provisions

of the will "in favor of the testator's spouse" are revoked "[i]f, after making a will, the testator is divorced . . . [.]" *Id.* Here, Langston executed the holographic will on April 7, 2000, and the couple's divorce decree was entered on May 23, 2000. Langston's divorce, which was finalized by the entry of the divorce decree, occurred *after* the execution of his holographic will. Based upon § 28-25-109, as well as our well established case law, his bequest to Caroline was revoked by operation of law.

Caroline argues that Langston's testamentary intent must prevail over the statute. However, in *McGuire, supra,* after holding that the statute rendered any bequest to the former spouse as void, we stated, "It is not necessary for us to try to reach the intent of the testator because the statute solves that problem for us. In view of the obvious effect of the statute we see no reason to embark upon a long discussion in order to decide this case." *Id.* at 435, 631 S.W.2d at 14. Here, Langston's intent was that Caroline would inherit his estate, but under *McGuire, supra,* that testamentary intent is irrelevant in light of § 28-25-109.

Further, Caroline argues that the divorce occurred on the day of the hearing when the settlement agreement was announced from the bench. Notwithstanding that there is a lack of evidence of the settlement agreement on March 20, 2000, in the record, we look to our rules for guidance on this issue. Subsection (d) of Appellate Rule 4 specifies that a judgment or order is considered entered when it is filed in accordance with Administrative Order Number 2(b). Ark. R. App. P.–Civ. 4(d) (2007). Likewise, Rule 58 of our Rules of Civil Procedure provides that "[a] judgment or decree is effective only when so set forth and entered as provided in Administrative Order No. 2." Ark. R. Civ. P. 58 (2007). *See, e.g., Francis v. Protective Life Ins. Co.,* 371 Ark. 285, 265 S.W.3d 117 (2007). Here, the hearing occurred on March 20, 2000, during which, Caroline maintains, the circuit court approved the couple's settlement agreement. Nevertheless, the divorce decree was not entered with the court until May 23, 2000, after Langston executed his holographic will. Based upon Rule 58, as well as Administrative Order No. 2, we conclude that the March 20, 2000 date is of no consequence and that the divorce was finalized on May 23, 2000, when the divorce decree was filed with the circuit court.

Therefore, based upon the foregoing analysis, as well as our standard of review regarding statutory construction, we hold that the circuit court was correct in granting summary judgment in Tony's favor and ruling, as a matter of law, that Langston's will was void under § 28-25-109(b). Accordingly, we affirm the circuit court's ruling.

Affirmed.

IMBER, J., not participating.