Ronald FOUNTAIN *v.* STATE of Arkansas

CA CR 08-53                              285 S.W.3d 706

Court of Appeals of Arkansas
Opinion delivered June 18, 2008

[Rehearing denied October 8, 2008.]

*Dyer and Jones, PLLC,* by: *F. Parker Jones, III,* for appellant.

*Dustin McDaniel,* Att'y Gen., by: *Karen Virginia Wallace,* Ass't Att'y Gen., for appellee.

SAM BIRD, Judge. This case involves the interpretation of our Sex Offender Registration statute, currently codified at Ark. Code Ann. § 12-12-901 et seq. (Supp. 2007). Ronald Fountain appeals the sentencing court's judgment and commitment order of September 12, 2007, which required him to register as a sex offender. He contends that the court did not have statutory authority to order sex-offender registration for the offense of misdemeanor public sexual indecency.[1] We hold that the court acted within the authority of Ark. Code Ann. § 12-12-903 (Supp. 2007), and we affirm its order.

We review issues of statutory interpretation de novo, as it is for the appellate court to determine the meaning of a statute. *Claver*

---

[1] Fountain does not appeal the conviction itself or the validity of the twelve-month jail sentence he received.

*v. Wilbur*, 102 Ark. App. 53, 280 S.W.3d 570 (2008). Although the decision of the circuit court is not binding, we will accept its interpretation of the law unless there is a showing that the interpretation was in error. *See Langston v. Langston*, 371 Ark. 404, 266 S.W.3d 716 (2007); *Potter v. City of Tontitown*, 371 Ark. 200, 264 S.W.3d 473 (2007).

The basic rule of statutory construction is to give effect to the intent of the General Assembly. *Id.* Rules of construction are not needed when a statute's language is plain and unambiguous and conveys a clear and definite meaning, but we will not apply a literal interpretation that results in absurd consequences contrary to legislative intent. *See id.* The first rule in considering the meaning and effect of a statute is to construe it just as it reads, giving the words their ordinary and usually accepted meaning in common language. *K.C. Props. of N.W. Ark. v. Lowell Invest. Partners* 373 Ark. 14, 280 S.W.3d 1 (2008). Ambiguity occurs only if the statute is open to two or more constructions, or where it is of such obscure or doubtful meaning that reasonable minds might disagree or be uncertain as to its meaning. *Id.*

When the meaning is not clear, the appellate court looks to the language of the statute, the subject matter, the object to be accomplished, the purpose to be served, the remedy provided, the legislative history, and other appropriate means that shed light on the subject. *Potter, supra.* The statute will be construed so that no word is left void, superfluous, or insignificant; meaning and effect are given to every word if possible, and provisions not included by the legislature will not be read into the statute. *See id.* Our review includes an examination of the whole act and a reconciliation of all provisions "to make them consistent, harmonious, and sensible in an effort to give effect to every part." *See Ward v. Doss*, 361 Ark. 153, 159, 205 S.W.3d 767, 770 (2005). All statutes relevant to the subject matter will be construed, and the meaning of an act will be derived from a holistic reading. *Arkansas Hearing Instrument Dispenser Bd. v. Vance*, 359 Ark. 325, 197 S.W.3d 495 (2004).

Our decision requires an examination of the following portions of Ark. Code Ann. § 12-12-903, the *Definitions* chapter of our Sex Offender Registration statute:

(12)(A) "Sex offense" includes, but is not limited to:

(i) The following offenses:

(a) Rape, § 5-14-103;

(b) Sexual indecency with a child, § 5-14-110;

(c) Sexual assault in the first degree, § 5-14-124;

(d) Sexual assault in the second degree, § 5-14-125;

(e) Sexual assault in the third degree, § 5-14-126;

(f) Sexual assault in the fourth degree, § 5-14-127;

(g) Incest, § 5-26-202;

(h) Engaging children in sexually explicit conduct for use in visual or print medium, § 5-27-303;

(i) Transportation of minors for prohibited sexual conduct, § 5-27-305;

(j) Employing or consenting to use of a child in a sexual performance, § 5-27-402;

(k) Pandering or possessing visual or print medium depicting sexually explicit conduct involving a child, § 5-27-304;

(l) Producing, directing, or promoting a sexual performance by a child, § 5-27-403;

(m) Promoting prostitution in the first degree, § 5-70-104;

(n) Stalking when ordered by the sentencing court to register as a sex offender, § 5-71-229;

(o) Indecent exposure, § 5-14-112, if a felony level offense;

(p) Exposing another person to human immunodeficiency virus when ordered by the sentencing court to register as a sex offender, § 5-14-123;

(q) Kidnapping pursuant to § 5-11-102(a) when the victim is a minor and the offender is not the parent of the victim;

(r) False imprisonment in the first degree and false imprisonment in the second degree, §§ 5-11-103 and 5-11-104, when the victim is a minor and the offender is not the parent of the victim;

(s) Permitting abuse of a minor pursuant to § 5-27-221;

(t) Computer child pornography, § 5-27-603;

(u) Computer exploitation of a child in the first degree, § 5-27-605(a);

(v) Permanent detention or restraint when the offender is not the parent of the victim, § 5-11-106;

(w) Distributing, possessing, or viewing of matter depicting sexually explicit conduct involving a child, § 5-27-602;

(x) Computer child pornography, § 5-27-603;

(y) Computer exploitation of a child, § 5-27-605;

(z) Internet stalking of a child, § 5-27-306;

(aa) Crime of video voyeurism, § 5-16-101, if a felony level offense;

(bb) Voyeurism, § 5-16-102, if a felony level offense; and

(cc) Any felony-homicide offense under § 5-10-101, § 5-10-102, or § 5-10-104 if the underlying felony is an offense listed in subdivisions (12)(A)(i)(a)-(y) of this section;

(ii) An attempt, solicitation, or conspiracy to commit any of the offenses enumerated in subdivision (12)(A)(i) of this section; and

(iii) An adjudication of guilt for an offense of the law of another state, for a federal offense, for a tribal court offense, or for a military offense:

. . . .

(B)(i) The sentencing court has the authority to order the registration of any offender shown in court to have attempted to commit or to have committed a sex offense even though the offense is not enumerated in subdivision (12)(A)(i) of this section.

(ii) This authority applies to sex offenses enacted, renamed, or amended at a later date by the General Assembly unless the General

Assembly expresses its intent not to consider the offense to be a true sex offense for the purposes of this subchapter;

(13)(A) "Sex offender" means a person who is adjudicated guilty of a sex offense or acquitted on the grounds of mental disease or defect of a sex offense.

Fountain contends on appeal that the sentencing court exceeded its authority by ordering sex-offender registration for his offense of public sexual indecency. He notes that the offense of misdemeanor public sexual indecency was placed into our criminal code in 1975, *preceding* the enactment of our Sex Offender Registration statute in 1997 and the latest amendments in 2007. *See* 1975 Ark. Acts 280, § 1811; 1997 Ark. Acts 989, § 3; 2007 Ark. Acts 210, § 1. Fountain concludes that, because the offense of public sexual indecency is not enumerated under Ark. Code Ann. § 12-12-903(12)(A)(i) and does not fit within subdivision (12)(B)(ii) as an offense "enacted, renamed, or amended" later than our Sex Offender Registration laws, the court's order requiring him to register as a sex offender was outside the bases of authority found in section 12-12-903(12)(B).

█ We do not agree with appellant's argument. Here, the sentencing court's authority to order registration is based on section 12-12-903(12)(A), which specifies that the definition of sex offense "is not limited to" offenses listed in subdivision (12)(A)(i). Section 12-12-905(a)(1) clearly states that our sex-offender registration requirements apply to persons "adjudicated guilty on or after August 1, 1997, of a sex offense," and, although not included among the sexual offenses enumerated in section (12)(A)(i), the crime of public sexual indecency is classified as a sexual offense in section 5-14-111. Thus, under the clear language of sections 12-12-905 and 12-12-903(12)(A), the registration requirements of our Sex Offender Registration statute apply to a person adjudicated guilty of public sexual indecency on or after August 1, 1997.

█ Further, the legislative history of our Sex Offender Registration statute contradicts Fountain's arguments that there are only two bases for a sentencing court's authority to order registration and that section 12-12-903(12)(B)(ii) limits the authority to order registration for sex offenses not listed in (12)(A) to those "enacted, renamed, or amended" after the registration statute was enacted and amended. 2001 Ark. Acts 1743 added both the provisions of (12)(B) and the words "includes, but is not

limited to" to (12)(A)'s definition of "sex offense." Most importantly, 2003 Ark. Acts 21, 2nd Ext. Sess., changed the original words of subsection (12)(B)(ii) from "is limited" to "applies," further clarifying the provisions of (12)(A) (sex offense "includes, but is not limited to" those listed) and (12)(B)(ii) (the sentencing court's authority to order registration "applies to sex offenses enacted, renamed, or amended at a later date by the General Assembly"). Giving effect to the provisions of both subdivisions (12)(A) and (B), we hold that (B)(ii) does not restrict a sentencing court's authority to order registration for a person's conviction as a sex offender for a sexual offense neither enumerated in (A)(i) nor included under the provisions of (B)(ii).

Affirmed.

GLOVER and MARSHALL, JJ., agree.