LARRY D. VAUGHT, Judge, dissenting. The majority presents a well-reasoned and well-written opinion, and I take no issue with the facts or law as presented. My objection, however, stems from the wording of the trial court’s order of dismissal. In its order the court directly stated that this matter must be dismissed. To do otherwise would open the door to contradictory and confusing results in the two states, thereby muddling and prolonging a final disposition of the issue. (Emphasis added.) That is simply not a correct statement of the law. The court most certainly possesses subject-matter jurisdiction to hear a plea for declaratory relief. And, unlike cases 17where there are competing suits within Arkansas courts, the trial court had the discretion to grant declaratory relief if it so desired. Specifically, it is the trial court’s use of the word “must” that I find objectionable. The rules and cases cited by the trial court (and the majority) relate to declaratory-judgment actions dealing with competing cases filed in Arkansas state courts, not cases initiated in two separate jurisdictions. The UHS of Arkansas, Inc. v. Charter Hospital of Little Rock, Inc., 297 Ark. 8, 759 S.W.2d 204 (1988), case involved two actions in two Arkansas state courts, unlike the case at hand. Further, in Potter v. City of Tontitown, 371 Ark. 200, 215-16, 264 S.W.3d 473, 484-85 (2007), our supreme court specifically noted that when there are two cases—one in Arkansas state court and a second in another state or pursued under federal law—the circuit court has subject-matter jurisdiction to hear a declaratory action. Also, Arkansas Code Annotated section 16—111— 108 (Repl.2001) deals with the question of whether a circuit court “may” refuse to render or enter a declaratory judgment. Here, the trial court expressed its inability to consider the matter, not its discretion as to whether it should hear the matter. Potter and UHS implicitly held that Arkansas courts are vested with subject-matter jurisdiction to hear and determine declaratory actions and should hear the action if it will “fully resolve the uncertainty or controversy at issue.” Potter, 371 Ark. at 215-16, 264 S.W.3d at 484-85. In this case, C. Bean is an Arkansas company that paid workers’ compensation benefits to Kennedy pursuant to Arkansas law. C. Bean then sought a declaratory ruling that any proceeds received by Kennedy in his Louisiana tort action are subject to C. Bean’s ^statutory subrogation rights under Arkansas law. This question is squarely within the subject-matter jurisdiction of the Sebastian County Circuit Court. To say that the matter must be dismissed is an incorrect statement of law, and therefore I dissent. BROWN, J., joins.