RANDOLPH *v*. ABBOTT.

Opinion delivered November 11, 1907.

INJUNCTION—AUTHORITY OF COUNTY JUDGE TO ISSUE.—Constitution 1874, art. 7, § 37, providing that "in the absence of the circuit judge from the county the county judge shall have power to issue orders for injunctions and other provisional writs in their counties," contemplates that a county judge may issue such writs only where an action is pending in other courts.

Certiorari to Franklin Circuit Court; *Jeptha H. Evans*, Judge; judgment quashed.

*Sam R. Chew*, for petitioner.

1. The county court was without jurisdiction to issue an injunction.

2. Respondent could only obtain a private road through the property in the manner laid down by the statute, and in strict compliance therewith. Kirby's Digest, § 3010; 15 Ark. 43; 13 Ark. 355.

*W. W. Cotton*, for respondent.

The right to a restraining order or injunction is a separate and distinct right, and the grounds therefor named in the statute. Kirby's Digest, § 3965. And when, as in this case, such grounds are admitted, respondent ought not to be required to await the slow procedure of the court in granting an order for the road before seeking relief under the injunction statute.

BATTLE, J.  H. V. Abbott petitioned to the Franklin County Court for a private road through the lands owned by R. H. Randolph. Upon application of Abbott the county court directed the issue of a writ of injunction enjoining Randolph from interfering with Abbott in the use of his lands as a road. Randolph moved to dissolve the injunction, which was denied. From this order Randolph appealed to the Franklin Circuit Court, by which the order granting the injunction was affirmed. Randolph seeks to set aside the judgment of affirmance in this court by writ of certiorari.

Injunctions are matters of chancery cognizance. County courts have no power to grant them. It is true that the Con-

stitution of this State provides that "in the absence of the circuit judge from the county the county judge shall have power to issue orders for injunctions and other provisional writs in their counties, returnable to the court having jurisdiction, provided that either party may have such order reviewed by any superior judge in vacation in such manner as shall be provided by law." Art. 7, § 37, Const. 1874. In no cases is the county court granted such power, and the county judge has such power only in cases and to the extent authorized by the Constitution, which is in actions pending in other courts. The county court having no jurisdiction, the circuit court acquired none by appeal.

The judgment of affirmance of the circuit court is quashed.