Ray CHESTNUT, et al. *v.* Al NORWOOD, et al.

87-5                                        731 S.W.2d 200

Supreme Court of Arkansas
Opinion delivered June 22, 1987

*R. Theodor Stricker*, for appellant.

*Carl O. Lamar*, for appellee.

STEELE HAYS, Justice. This appeal is an attempt to impose tort liability on a county judge and road foreman for damages allegedly caused by diverting surface waters onto the appellants' lands. The circuit judge dismissed the complaint without prejudice based on governmental immunity and on a lack of jurisdiction. We affirm the circuit court.

Appellants are property owners residing along Cemetary Road. In 1986 the Benton County Road Department reworked the road and installed drains which affected the flow of surface water on appellants' lands. They filed suit in circuit court against Al Norwood and Keith Knox, individually and in their capacities as county judge and "road boss." The suit alleged a cause of action in tort for negligence of the defendants. The relief sought was monetary damages.

On appeal appellants challenge the constitutionality of Ark. Stat. Ann. § 12-2901 (Repl. 1979) which reads:

It is hereby declared to be the public policy of the State of Arkansas that all counties, municipal corporations, school districts, special improvement districts, and all other political subdivisions of the State shall be immune from liability for damages, and no tort action shall lie against any such political subdivision, on account of the acts of their agents and employees.

The constitutionality of that provision has been upheld too often and too recently to be subject to serious question. *Helms v. Southern Farm Bureau Casualty Insurance Co.*, 281 Ark. 450, 664 S.W.2d 870 (1984); *Thompson v. Sanford*, 281 Ark. 365, 663 S.W.2d 932 (1984); *Chandler v. Pulaski County*, 247 Ark. 262, 445 S.W.2d 96 (1969). In *Chamberlain v. Newton County*, 266 Ark. 516, 587 S.W.2d 4 (1979) we affirmed a lower court dismissal of a suit for damages for trespass by Newton County in allegedly causing a road to be constructed on lands belonging to

Chamberlain. We pointed out that trespass was a tort and that the trial court had no jurisdiction. Ms. Chamberlain's only remedy, we said, was in the county court under Article 7, § 28, Arkansas Constitution.

Nor can we sustain the argument that appellants' damage is not a matter "relating to . . . roads" within the language of Article 7, § 28 of the Arkansas Constitution:

> The county courts shall have exclusive original jurisdiction in all matters relating to county taxes, roads, bridges, ferries, paupers, bastardy, vagrants, the apprenticeship of minors, the disbursement of money for county purposes, and in every other case that may be necessary to the internal improvement and local concerns of the respective counties. The county court shall be held by one judge, except in cases otherwise herein provided.

The complaint alleges the defendants constructed drainage culverts on Cemetary Road which caused surface waters "to collect, flood and erode the plaintiff's lands." We find no merit in the argument appellants' claims are not related to roads within the meaning of the article.

Appellants contend they initially sought relief by contacting the county judge, to no avail, and this satisfies the jurisdictional requirement of Article 7, § 28. They cite no authority for the far reaching premise that this informal step then frees them to pursue a cause of action in tort in clear contravention of the constitution and statute. Nor is the argument facially convincing. *Gray* v. *Ragland*, 277 Ark. 232, 640 S.W.2d 788 (1982); *Hazen* v. *City of Booneville*, 260 Ark. 871, 545 S.W.2d 614 (1977). We note, too, the record fails to reflect that the trial court was asked to rule on this issue. *Smith* v. *Brooks Trucking Co.*, 280 Ark. 510, 660 S.W.2d 1 (1983).

Two final arguments concern the refusal of the trial court to grant a motion by the appellants for a default judgment. When the defendants responded in a timely manner to the complaint their pleading was styled in the chancery court rather than the circuit court. However, the pleading was filed with the clerk, marked with the correct docket number and the pleading itself was doubtless placed in the appropriate case file. Its content

clearly identifies it as responsive to the complaint and a copy was forwarded to counsel for the plaintiffs. There is every reason to assume the naming of the court as chancery rather than circuit was, as appellees contend, a clerical error. Moreover, the pleading identified the parties in the style simply as "Chestnut and Chestnut, et al", plaintiffs, versus "Al Norwood, et al," defendants. On this basis appellants argue they were entitled to a default judgment against Norwood and Knox as individuals for failing to respond to the complaint.

The trial court noted that the usage of "et al" was a sufficient indication that the responsive pleading was intended to be inclusive of both the individual and official roles in which the defendants were being sued. We agree. This Court accepts as correct the decisions of the trial court which the appealing party does not show to be wrong. *Clemson* v. *Rebsamen*, 205 Ark. 123, 168 S.W.2d 195 (1943).

By this decision we are not denying recourse to the appellants for their damage, only the right to proceed in tort. Under our constitution appellants' claims are redressed in the county court, subject to the right of appeal if they are dissatisfied with the relief afforded.

The order of dismissal without prejudice is affirmed.