Cite as 2022 Ark. 43

# SUPREME COURT OF ARKANSAS

No. CV-21-319

| | |
|---|---|
| ARKANSAS DEPARTMENT OF HEALTH; JOSÉ R. ROMERO, M.D., IN HIS OFFICIAL CAPACITY AS SECRETARY OF HEALTH, ARKANSAS DEPARTMENT OF HEALTH; ARKANSAS BOARD OF HEARING INSTRUMENT DISPENSERS; AND STEPHANIE PRATT, IN HER OFFICIAL CAPACITY AS EXECUTIVE DIRECTOR, ARKANSAS BOARD OF HEARING INSTRUMENT DISPENSERS | Opinion Delivered: February 24, 2022 |
| APPELLANTS | APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT [NO. 60CV-21-3821] |
| V. | HONORABLE MACKIE PIERCE, JUDGE |
| SAMUEL SOLOMON | AFFIRMED IN PART; REVERSED AND DISMISSED IN PART; REVERSED AND REMANDED IN PART. |
| APPELLEE | |

**JOHN DAN KEMP, Chief Justice**

The Arkansas Department of Health, José R. Romero, M.D., in his official capacity as

the Secretary of Health, the Arkansas Board of Hearing Instrument Dispensers, and Stephanie

Pratt, in her official capacity as the Executive Director of the Board of Hearing Instrument

Dispensers (collectively the "State") appeal a Pulaski County Circuit Court order denying the

State's motion to dismiss and granting a preliminary injunction in favor of appellee Samuel

Solomon. On appeal, the State argues that (1) the circuit court lacked subject-matter jurisdiction

over the case; (2) the lawsuit was barred by sovereign immunity; and (3) the preliminary

injunction exceeded the scope of relief available under Rule 65 of the Arkansas Rules of Civil

Procedure and was not supported by the findings required under the Rule. We affirm in part, reverse and dismiss in part, and reverse and remand in part.

## I. *Facts*

Solomon had been licensed with the Arkansas Board of Hearing Instrument Dispensers (the "Board") as a hearing-instrument dispenser since 2008. Solomon's license-renewal deadline was June 30 of each year. On April 15, 2021, at the Board's yearly continuing-education convention, the chairman of the Board informed Solomon that he no longer had a license because it had not been renewed by June 30, 2020. According to Solomon, this was the first time he was made aware that he did not have a license.

Solomon had assumed his renewal materials were due on June 30, 2021, because, prior to the 2020 renewal deadline and during the initial spike of the COVID-19 pandemic, the Board sent him a renewal notice stating his renewal date was June 30, 2021. Solomon was not surprised when he received the notice with the June 2021 date on it because the Governor had issued emergency proclamations concerning the COVID-19 pandemic, and many state agencies had suspended their rules due to the pandemic.

Solomon attempted to informally resolve this issue but was informed by the Board's chairman and by Pratt that nothing could be done. Solomon then formally submitted a renewal application to the Board on May 19, 2021, but it was returned to him marked "return to sender" on June 14, 2021. Solomon also formally requested a Board hearing on the denial of his renewal application but was informed by letter from the Board that "his situation is not appropriate for a hearing."

On June 21, 2021, Solomon filed a lawsuit in the Pulaski County Circuit Court against the State. He sought declaratory relief, arguing that the Board's refusal to provide proper renewal notice and a hearing violated the due process and equal protection clauses of the Arkansas Constitution and was an arbitrary and capricious abuse of its power. Solomon sought a hearing and moved for a preliminary injunction to prevent the State from refusing to renew his license until the full merits of his lawsuit could be heard.

The circuit court held a preliminary-injunction hearing on July 7, 2021. At the beginning of the hearing, the State moved to dismiss the lawsuit for lack of subject-matter jurisdiction and because the lawsuit was barred by sovereign immunity. The circuit court orally denied the motion to dismiss and heard arguments and testimony on the preliminary-injunction motion. It entered an order the same day, holding:

1. This court has jurisdiction over these parties and the subject matter hereto.

2. Defendants' oral Motion to Dismiss is denied.

3. Plaintiff's request for a Temporary Injunction and Declaratory relief is hereby granted. Defendant Stephanie Pratt, in her Official Capacity as Executive Director, Arkansas Board of Hearing Instrument Dispensers, is hereby ordered and directed to issue a license to plaintiff upon his payment of the proper licensing fee and presenting the required application for issuance of a license from the Board of Hearing Instrument Dispensers.

4. Plaintiff has demonstrated he has and will suffer irreparable harm and he has demonstrated a likelihood of success on the merits of his cause of action.

The State filed a timely notice of interlocutory appeal, and this appeal followed.

II. *Points on Appeal*

On appeal, the State argues that (1) the circuit court erred in denying its motion to dismiss because it lacked subject-matter jurisdiction over the case, (2) the lawsuit was barred by sovereign immunity, and (3) the preliminary injunction exceeded the scope of relief available under Rule 65 and was not supported by the requisite findings.

A. Standard of Review

In reviewing a circuit court's decision on a motion to dismiss, we treat the facts alleged in the complaint as true and view them in the light most favorable to the plaintiff. *Ark. Dep't of Fin. & Admin. v. Carpenter Farms Med. Grp., LLC*, 2020 Ark. 213, at 6, 601 S.W.3d 111, 117. We focus only on the allegations in the complaint and not matters outside the complaint. *Id.*, 601 S.W.3d at 117. We resolve all reasonable inferences in the complaint's favor and construe the pleadings liberally. *Id.*, 601 S.W.3d at 117. Because our rules require fact pleading, the complaint must state facts, not mere conclusions, to entitle the pleader to relief. *Williams v. McCoy*, 2018 Ark. 17, at 2, 535 S.W.3d 266, 268. Our standard of review for the denial of a motion to dismiss is whether the circuit court abused its discretion. *Id.* at 2–3, 535 S.W.3d at 268. As to issues of law presented, our review is de novo. *Sanford v. Walther*, 2015 Ark. 285, at 3, 467 S.W.3d 139, 143.

B. Subject-Matter Jurisdiction

The State argues that the circuit court lacked subject-matter jurisdiction over this lawsuit because Solomon's complaint cited several sections of the Administrative Procedure Act (APA)

as the basis for the circuit court's jurisdiction over the case.[1] The State argues that because none of those APA statutes apply to the case, the circuit court lacked subject-matter jurisdiction and erred in denying its motion to dismiss.

We determine whether a court has subject-matter jurisdiction based on the pleadings. *Tripcony v. Ark. Sch. for the Deaf*, 2012 Ark. 188, at 4, 403 S.W.3d 559, 561. It is well settled that subject-matter jurisdiction is a court's authority to hear and decide a particular type of case. *Id.*, 403 S.W.3d at 561. A court lacks subject-matter jurisdiction if it cannot hear a matter under any circumstances and is wholly incompetent to grant the relief sought. *Id.*, 403 S.W.3d at 561. A court obtains subject-matter jurisdiction under the Arkansas Constitution or by means of constitutionally authorized statutes or court rules. *Id.*, 403 S.W.3d at 561.

Here, we agree, in part, with the circuit court's denial of the State's motion to dismiss for lack of subject-matter jurisdiction. Although Solomon cited the above-referenced APA statutes as the basis for the circuit court's jurisdiction, his claims as pleaded do not fall within any of these APA sections. Therefore, we conclude that the circuit court lacked subject-matter jurisdiction under the APA. *See, e.g.*, *Carpenter Farms Med. Grp., LLC*, 2020 Ark. 213, at 8–12, 601 S.W.3d at 118–20.

However, Solomon alleged causes of action for declaratory judgment and injunctive relief based on his assertions that the Board's actions of refusing to provide notice and a hearing violated the due process and equal protection clauses of the Arkansas Constitution. The circuit

---

[1]Specifically, Solomon's complaint stated that "[t]he court has jurisdiction of this action pursuant to Ark. Code Ann. §§ 25-15-207, 25-15-211, 25-15-212, and 25-15-214."

court had subject-matter jurisdiction to determine whether the Board violated Solomon's constitutional rights. *See* Ark. Code Ann. §§ 16-111-101 et seq. (Repl. 2016); *Carpenter Farms Med. Grp., LLC*, 2020 Ark. 213, at 14, 601 S.W.3d at 121. Accordingly, we affirm the circuit court's denial of the State's motion to dismiss for lack of subject-matter jurisdiction on his due process and equal protection claims.

## C. Sovereign Immunity

Next, we turn to the State's argument that the circuit court erred in denying its motion to dismiss on sovereign-immunity grounds. The State argues that Solomon failed to plead any unconstitutional, illegal, or ultra vires acts that would overcome its entitlement to sovereign immunity. Again, Solomon asserted that the Board's actions of refusing to provide notice and a hearing violated the due process and equal protection clauses of the Arkansas Constitution.

The State's sovereign immunity originates in article 5, section 20 of the Arkansas Constitution, which provides that "[t]he State of Arkansas shall never be made defendant in any of her courts." Our sovereign-immunity cases nonetheless allow actions that are illegal, unconstitutional, or ultra vires to be enjoined. *Martin v. Haas*, 2018 Ark. 283, at 7, 556 S.W.3d 509, 514. A plaintiff must still comply with our fact-pleading rules when alleging an exception to sovereign immunity. *Carpenter Farms Med. Grp., LLC*, 2020 Ark. 213, at 8, 601 S.W.3d at 117. On appeal, we review de novo the claim that sovereign immunity bars a complaint. *Ark. Dep't of Educ. v. McCoy*, 2021 Ark. 136, at 4, 624 S.W.3d 687, 691.

We first address Solomon's due-process claim. Due process requires, at a minimum, that a person be given notice and a reasonable opportunity for a hearing before he or she is deprived

6

of property by state action. *Chandler v. Martin ex rel. State*, 2014 Ark. 219, at 9, 433 S.W.3d 884, 891. In that regard, the concept of due process requires neither an inflexible procedure universally applicable to every situation nor a technical concept with a fixed content unrelated to time, place, and circumstance. *Id.*, 433 S.W.3d at 891. Instead, what process must be afforded is determined by context, dependent upon the nature of the matter or interest involved. *Id.* at 9–10, 433 S.W.3d at 891.

In *Chandler*, we held that Rule VII(C) of the Rules Governing Admission to the Bar was unconstitutional to the extent that it provided for an automatic suspension of a lawyer's license without procedural due process for failure to timely pay license fees. *Id.* at 11, 433 S.W.3d at 892. We stated that

> [a]ttorneys are licensed by the state to practice their profession; but so are other professionals, such as architects, engineers, and physicians. One who practices his profession has a property interest in that pursuit which may not be taken from him or her at the whim of the government without due process.

*Id.* at 10, 433 S.W.3d at 891 (quoting *Arnold v. Kemp*, 306 Ark. 294, 301, 813 S.W.2d 770, 774 (1991)).

Under these standards, Solomon has adequately pleaded a due-process claim. He alleged that, during the middle of the COVID-19 pandemic, he relied on the Board's defective renewal notice that stated he had until June 30, 2021, to renew his license. He never received a corrected notice but learned about the mistake many months after the actual renewal deadline of June 30, 2020. By that point, he no longer had a license. He tried to resolve the matter, requesting an opportunity for a hearing. In response, the Board sent Solomon a letter denying his hearing request and stating that

7

[Solomon] did not renew his license in a timely manner for the 2020-21 renewal period. Because of his failure to renew, the Board revoked his license for non-payment in accordance with the Board's Rule Article VIII Section 2.

Under *Chandler*, Solomon had a property interest in the practice of his profession "which may not be taken from him . . . at the whim of the government without due process." *Id.* at 10, 433 S.W.3d at 891 Accordingly, we hold that Solomon's due-process claim meets at least the threshold-pleading requirement to survive a sovereign-immunity challenge. Thus, we affirm the denial of the State's sovereign-immunity challenge to this claim.

We cannot say the same about Solomon's equal-protection claim. An equal-protection claim must show that there is a state action that differentiates among individuals. *Carpenter Farms Med. Grp., LLC*, 2020 Ark. 213, at 15, 601 S.W.3d at 121. Solomon has failed to plead facts showing disparate treatment toward him by the Board. Because he has failed to comply with our fact-pleading requirement, his equal-protection claim is barred by sovereign immunity. *Id.* at 8, 601 S.W.3d at 117. Therefore, we reverse and dismiss it.

## D. Preliminary Injunction

Finally, the State argues that we should reverse the circuit court's grant of the preliminary injunction because (1) the scope of the preliminary-injunction order exceeded the scope of the relief available under Rule 65 and (2) the order did not make the findings required by Rule 65(d).[2]

---

[2]The State also argues that it did not receive adequate notice of the preliminary-injunction hearing, but it failed to assert that argument below. This court does not consider arguments raised for the first time on appeal. *See Silkman v. Evangelical Lutheran Good Samaritan Soc'y*, 2015 Ark. 422, at 4, 474 S.W.3d 74, 76.

In determining whether to issue a preliminary injunction or temporary restraining order pursuant to Rule 65, the circuit court must consider whether irreparable harm will result in the absence of an injunction or restraining order and whether the moving party has demonstrated a likelihood of success on the merits. *Baptist Health v. Murphy*, 362 Ark. 506, 509, 209 S.W.3d 360, 362 (2005). This court reviews the grant of a preliminary injunction under an abuse-of-discretion standard. *Id.*, 209 S.W.3d at 362.

The State first contends that the relief afforded by the circuit court's order effectively awarded final and conclusive relief to Solomon even though Rule 65 does not contemplate a trial on the merits at the time of a temporary hearing unless the circuit court orders that the proceedings be consolidated. We disagree. In his complaint, Solomon specifically sought an expedited hearing and a preliminary injunction. The circuit court's order made clear that it was granting a "temporary injunction." Because the State immediately appealed that order, further proceedings have not yet occurred. Thus, we reject the State's assertion that the circuit court's preliminary-injunction order awarded final and conclusive relief to Solomon.

Next, the State contends that the order did not contain findings required by Rule 65(d)(1). Under Rule 65(d)(1), every order granting an injunction must:

> (A) state the reasons why it issued;
>
> (B) state its terms specifically; and
>
> (C) describe in reasonable detail—and not by referring to the complaint or other document—the act or acts restrained or required.

In *Baptist Health*, although the circuit court's preliminary-injunction order concluded that "it appears likely that the plaintiffs will ultimately prevail at trial[,]" this court was uncertain of the

9

circuit court's basis for that conclusion. 362 Ark. at 511, 209 S.W.3d at 363. We reversed and remanded for findings because "[w]ithout findings on the issue of likelihood of success on the merits, we [were] unable to determine whether the circuit court abused its discretion in granting the preliminary injunction." *Id.*, 209 S.W.3d at 363.

Here, the circuit court's preliminary-injunction order stated that "[Solomon] has demonstrated he has and will suffer irreparable harm and he has demonstrated a likelihood of success on the merits of his cause of action." But the order contained no findings on irreparable harm or likelihood of success on the merits. Thus, we reverse and remand for findings in accordance with Rule 65(d)(1) on the issues of irreparable harm and likelihood of success on the merits. The preliminary injunction shall remain in effect until further orders of the circuit court.

Affirmed in part; reversed and dismissed in part; reversed and remanded in part.

BAKER and WOMACK, JJ., dissent.

**KAREN R. BAKER, Justice, dissenting.** Based on my position in *Bd. of Trustees of Univ. of Arkansas v. Andrews*, 2018 Ark. 12, 535 S.W.3d 616, and its progeny, I dissent and would reverse and dismiss the preliminary injunction.

**SHAWN A. WOMACK, Justice, dissenting.** The doctrine of sovereign immunity originates in article 5, section 20 of the Arkansas Constitution, which provides, "The State of Arkansas shall never be made defendant in any of her courts." As we explained in *Board of Trustees of the University of Arkansas v. Andrews*, "[W]e interpret the constitutional provision, 'The State of Arkansas shall never be made a defendant in any of her courts,' precisely as it reads." 2018 Ark. 12, at 10, 535 S.W.3d 616, 622. Further, sovereign immunity is jurisdictional immunity from

suit, and jurisdiction must be determined entirely from the pleadings. *Ark. Oil & Gas Comm'n v. Hurd*, 2018 Ark. 397, at 9, 564 S.W.3d 248, 253. As instrumentalities of the State, appellants are afforded immunity from suit. *See Andrews*, 2018 Ark. 12, at 5, 535 S.W.3d at 619. Accordingly, appellee's complaint raising due process and equal protection claims against state entities cannot proceed in the face of article 5, section 20. I would reverse the circuit court's order in its entirety and dismiss the action.

I respectfully dissent.

*Leslie Rutledge*, Att'y Gen., by: *Amanda D. Land*, Ass't Att'y Gen., for appellants.

*Law Offices of Darren O'Quinn, PLLC*, by: *M. Darren O'Quinn*, for appellee.