Cite as 2025 Ark. App. 303

# ARKANSAS COURT OF APPEALS

DIVISION III
No. CV-23-840

| | |
|---|---|
| | |
| CHRISTINA CENTOFANTE, ROGER HENLEY, BARBARA ANN HENLEY, SCOTT STUBENRAUCH, CHERYL STUBENRAUCH, STANLEY BUTSKI, NOELLE BUTSKI, JOHN KILLINGSWORTH, CHERYL KILLINGSWORTH, HEATH HENDERSON, MARY KATHERINE HENDERSON, DONALD ROBERT HUDSON, BRIDGET HUDSON, DALE MCDANIEL, TONYA MCDANIEL, CLAYTON MOORE, MIRANDA MOORE, RANDALL VAN DEN BERGHE, CYNTHIA VAN DEN BERGHE, AND PINNACLE MOUNTAIN COMMUNITY COALITION | APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT, FOURTH DIVISION [NO. 60CV-22-6659] HONORABLE HERBERT WRIGHT, JUDGE |
| APPELLANTS | |
| V. | |
| RICK FERGUSON; PARADISE VALLEY, LLC; WATERVIEW ESTATES, LLC; WATERVIEW MEADOWS, LLC; WATERVIEW ESTATES PHASE III, LLC; WATERVIEW ESTATES PHASE VI AND VII, LLC; AFF HOLDINGS, LLC; THE PULASKI COUNTY PROPERTY OWNERS MULTIPURPOSE IMPROVEMENT DISTRICT NO. 2021-2; CAPITAL CITY PROPERTY HOLDINGS, LLC; AND PULASKI COUNTY, ARKANSAS | |
| APPELLEES | REVERSED AND REMANDED |

**STEPHANIE POTTER BARRETT, Judge**

Christina Centofante, Roger Henley, Barbara Ann Henley, Scott Stubenrauch,

Cheryl Stubenrauch, Stanley Butski, Noelle Butski, John Killingsworth, Cheryl

Killingsworth, Heath Henderson, Mary Katherine Henderson, Donald Robert Hudson, Bridget Hudson, Dale McDaniel, Tonya McDaniel, Clayton Moore, Miranda Moore, Randall Van Den Berghe, Cynthia Van Den Berghe, and Pinnacle Mountain Community Coalition form the appellants in the case (hereinafter, "the Coalition"). Rick Ferguson; Paradise Valley, LLC; Waterview Estates, LLC; Waterview Meadows, LLC; Waterview Estates Phase III, LLC; Waterview Estates Phase VI and VII, LLC; AFF Holdings, LLC; The Pulaski County Multipurpose Improvement District No. 2021-2; and Capital City Property Holdings, LLC, together form the appellees (hereinafter, the "Ferguson Appellees").

The Coalition appeals a Pulaski County Circuit Court order dismissing their complaint against the Ferguson Appellees for lack of subject-matter jurisdiction. On appeal, the Coalition argues the circuit court erred (1) in finding it does not have subject-matter jurisdiction under article 7, section 28 of the Arkansas Constitution because their complaint "is founded in exclusive county-related matters"; and (2) by entering an order transferring the case to Pulaski County Court after finding it did not have subject-matter jurisdiction of the complaint. We reverse and remand.

On December 21, 2021, the Pulaski County Planning Department issued a preliminary plat to the Ferguson Appellees for the development of a single-family subdivision named Paradise Valley located in Roland, Arkansas. The Paradise Valley subdivision includes a twenty-acre tract of land located south of Roland Cut Off Road, a county road that is owned by Paradise Valley, LLC, and is intended to be the first phase of a seventy-six-residence subdivision.

3

On September 26, 2022, the Coalition filed a complaint alleging that the Ferguson Appellees' development of Paradise Valley subdivision caused a public nuisance, a private nuisance, diversion of water onto the plaintiffs' property, and negligence. The Coalition argues that increased stormwater runoff from the Paradise Valley subdivision causes flooding on their properties and on Roland Cut Off Road. The Coalition additionally argues that both the Lake Maumelle watershed, which provides drinking water to some 450,000 residents in central Arkansas, and the Mill Bayou watershed, which is also a source of drinking water to Pulaski County residents, are threatened by the increase in stormwater runoff. The Coalition seeks an injunction to prevent the development of the Paradise Valley subdivision.

On November 28, 2022, Pulaski County, Arkansas, moved to dismiss the Coalition's complaint for lack of subject-matter jurisdiction. The motion asserted that pursuant to article 7, section 28 of the Arkansas Constitution, Pulaski County Court was the proper jurisdiction for this lawsuit—not Pulaski County Circuit Court. On December 5, 2022, pursuant to Rule 10(c) of the Arkansas Rules of Civil Procedure, the Ferguson Appellees moved to adopt Pulaski County's motion to dismiss.

On June 2, 2023, the Coalition moved to dismiss Pulaski County, Arkansas, from the lawsuit. An order granting the Coalition's motion to dismiss was entered on June 7, 2023, and Pulaski County, Arkansas, was dismissed from the lawsuit without prejudice.

On August 31, 2023, a hearing was held on the pending motion to dismiss the Coalition's complaint for lack of subject-matter jurisdiction. At the conclusion of the

hearing, the circuit court granted the Ferguson Appellees' motion to dismiss. In its order, the circuit court stated,

> The Arkansas Supreme Court has ruled that when a matter concerns a county road that Article VII, § 28 of the Arkansas Constitution controls and the matter must be heard in County Court. *See Chestnut v. Norwood*, 292 Ark. 498, 731 S.W.2d 200 (1987). The Arkansas Supreme court has also held that when there is a jurisdictional conflict between a state statute and Article VII, § 28 of the Arkansas Constitution that the Constitution controls and the matter must be heard in County Court. *See Butler v. City of Little Rock*, 231 Ark. 834, 332 S.W.2d (1960). Therefore, pursuant to Article VII, § 28 of the Arkansas Constitution, this Court does not have jurisdiction over the Plaintiff's complaint.

In reviewing a circuit court's decision on a motion to dismiss, we treat the facts alleged in the complaint as true and view them in the light most favorable to the plaintiff. *Ark. Dep't of Health v. Solomon*, 2022 Ark. 43. We focus only on the allegations in the complaint and not matters outside the complaint. *Id.* We resolve all reasonable inferences in the complaint's favor and construe the pleadings liberally. *Id.* Because our rules require fact pleading, the complaint must state facts, not mere conclusions, to entitle the pleader to relief. *Id.* Our standard of review for the denial of a motion to dismiss is whether the circuit court abused its discretion. *Id.* As to issues of law presented, our review is de novo. *Id.*

The Coalition first argues the circuit court erred in finding it does not have jurisdiction over its complaint under article 7, section 28 of the Arkansas Constitution. Specifically, the Coalition argues the circuit court erred in determining the Pulaski County Court had exclusive jurisdiction upon finding that its complaint was related exclusively to county matters. We agree.

Under article 7, section 28 of the Arkansas Constitution, the County Courts shall have exclusive jurisdiction in all matters relating to county taxes, roads, bridges, ferries, paupers, bastardy, vagrants, the apprenticeship of minors, the disbursement of money for county purposes, and in every other case that may be necessary to the internal improvement and local concerns of the respective counties. Amendment 80 of the Arkansas Constitution provides that the circuit courts are trial courts of original jurisdiction "of all justiciable matters not otherwise assigned pursuant to this Constitution." Ark. Const. amend. 80, § 6.

However, the term "relating to" does not mean automatic exclusive jurisdiction. Rather, our courts have determined that county courts have exclusive jurisdiction when an issue "obviously flow[s] from" a county-related matter. *See Rapp v. Kizer*, 260 Ark. 656, 657, 543 S.W.2d 458, 459 (1976). That is not the case here. The Coalition's complaint alleges the acts of the Ferguson Appellees in developing Paradise Valley subdivision caused surface water to be diverted onto the individual Coalition members' private property, which, in turn, floods Roland Cut Off Road. The Coalition contends the stormwater runoff that is channeled to and released from the Ferguson Appellees' properties into the downgradient area occupied by the Coalition and the adverse consequences that the volume and velocity of the stormwater runoff causes to the Coalition members' persons and property through flooding of their property constitutes an unreasonable interference with the Coalition members' use and enjoyment of their property. The Coalition notes this not only diminishes the utility, value, and function of the Coalition members' property but also creates a hazard to their health and welfare.

6

We do not look at matters outside the pleadings, and we treat the facts alleged in the complaint as true and view them in the light most favorable to the plaintiff in these cases. *Passmore v. Hinchey*, 2010 Ark. App. 581, 379 S.W.3d 497. In the present case, the pleadings do not suggest this is a case that "obviously flows from" a matter relating to a county road. *Rapp, supra*. Indeed, the Coalition does not bring its claims as a result of the impact the Ferguson Appellees' actions have had and will have on Roland Cut Off Road. Rather, the Coalition's claims are based on damage to the Coalition members' private property that will also affect travel on a county road if not remedied. Further, the remedy sought by the Coalition, an injunction, does not fall within the province of the county court. Injunctions are matters for the circuit court and thus fall outside the jurisdiction of county courts. *See Randolph v. Abbott*, 84 Ark. 341, 341–42, 105 S.W. 576, 576 (1907). It is a "familiar exercise of the power of the circuit court to prevent by injunction injury to water courses by obstruction or diversion." *See Taylor v. Rudy*, 99 Ark. 128, 132, 137 S.W. 574, 575 (1911) (quoting *Holsman v. Boiling Spring Bleaching Co.*, N.J. Eq. 335, 342 (1862)). We hold the circuit court abused its discretion in dismissing the Coalition's complaint for lack of subject-matter jurisdiction.

The Coalition next argues the circuit court erred in transferring the case to Pulaski County Court after finding it lacked subject-matter jurisdiction to hear the case. However, because we determine the circuit court does have jurisdiction over the Coalition's complaint, this issue is moot. As a general rule, this court will not review issues that are moot. *See Pinney v. State*, 2020 Ark. App. 467, at 11, 609 S.W.3d 671, 679. To do so would be to

7

render advisory opinions, which this court will not do. *Id.* at 11–12, 609 S.W.3d at 679. A case becomes moot when any judgment rendered would have no practical legal effect upon a then existing legal controversy. *Id.* at 12, 609 S.W.3d at 679.

We hold the circuit court abused its discretion in granting the Ferguson Appellees' motion to dismiss and remand.

Reversed and remanded.

HARRISON and TUCKER, JJ., agree.

*Richard Mays Law Firm, PLLC*, by: *Richard H. Mays*, for appellants.

*Wright, Lindsey & Jennings, LLP*, by: *Michael A. Thompson* and *Antwan D. Phillips*, for appellees.