Cite as 2026 Ark. App. 172

# ARKANSAS COURT OF APPEALS

DIVISION III
No. CV-23-840

| | |
|---|---|
| CHRISTINA CENTOFANTE, ROGER HENLEY, BARBARA ANN HENLEY, SCOTT STUBENRAUCH, CHERYL STUBENRAUCH, STANLEY BUTSKI, NOELLE BUTSKI, JOHN KILLINGSWORTH, CHERYL KILLINGSWORTH, HEATH HENDERSON, MARY KATHERINE HENDERSON, DONALD ROBERT HUDSON, BRIDGET HUDSON, DALE MCDANIEL, TONYA MCDANIEL, CLAYTON MOORE, MIRANDA MOORE, RANDALL VAN DEN BERGHE, CYNTHIA VAN DEN BERGHE, AND PINNACLE MOUNTAIN COMMUNITY COALITION | **Opinion Delivered** March 11, 2026<br><br>APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT, FOURTH DIVISION [NO. 60CV-22-6659]<br><br>HONORABLE HERBERT WRIGHT, JUDGE |
| APPELLANTS | |
| V. | |
| RICK FERGUSON; PARADISE VALLEY, LLC; WATERVIEW ESTATES, LLC; WATERVIEW MEADOWS, LLC; WATERVIEW ESTATES PHASE III, LLC; WATERVIEW ESTATES PHASE VI AND VII, LLC; AFF HOLDINGS, LLC; THE PULASKI COUNTY PROPERTY OWNERS MULTIPURPOSE IMPROVEMENT DISTRICT NO. 2021-2; CAPITAL CITY PROPERTY HOLDINGS, LLC; AND PULASKI COUNTY, ARKANSAS | |
| APPELLEES | REVERSED AND REMANDED |

**STEPHANIE POTTER BARRETT, Judge**

This appeal presents a property-related dispute involving many parties. The appellants captioned above we collectively refer to as the "Coalition" in this opinion, and we refer to the appellees collectively as the "Ferguson Appellees." The Coalition appeals a Pulaski County Circuit Court order dismissing their complaint against the Ferguson Appellees for lack of subject-matter jurisdiction. On appeal, the Coalition argues the circuit court erred (1) in finding it does not have subject-matter jurisdiction under article 7, section 28 of the Arkansas Constitution because their complaint "is founded in exclusive county-related matters"; and (2) by entering an order transferring the case to Pulaski County Court after finding it did not have subject-matter jurisdiction of the complaint.

This is the second time this case has come before us. We previously issued an opinion, *Centofante v. Ferguson*, 2025 Ark. App. 303 (*Centofante I*) on May 14, 2025. There, we reversed the circuit court's decision to transfer the case to county court instead of retaining jurisdiction over the complaint. Ferguson then petitioned the Arkansas Supreme Court for review on June 10, 2025. On January 29, 2026, the Supreme Court generated review and entered a docket entry that decided the petition as follows: "Petition for review granted; court of appeals opinion vacated; remanded to the court of appeals. Baker, C.J., and Hudson, J., would deny." The Clerk of Court issued an order to the same effect the same day. No additional information, official directive, or guidance was presented to this court. In other words, no "vertical precedent" was presented. *See* Bryan A. Garner et al., *The Law of Judicial Precedent* 27 (Thomson Reuters 2016). We again reverse and remand.

On December 21, 2021, the Pulaski County Planning Department issued a preliminary plat to the Ferguson Appellees for the development of a single-family

subdivision named Paradise Valley located in Roland, Arkansas. The Paradise Valley subdivision includes a twenty-acre tract of land located south of Roland Cut Off Road, a county road that is owned by Paradise Valley, LLC, and is intended to be the first phase of a seventy-six–residence subdivision.

On September 26, 2022, the Coalition filed a complaint alleging that the Ferguson Appellees' development of Paradise Valley subdivision caused a public nuisance, a private nuisance, diversion of water onto the plaintiffs' property, and negligence. The Coalition argues that increased stormwater runoff from the Paradise Valley subdivision causes flooding on their properties and on Roland Cut Off Road. The Coalition additionally argues that both the Lake Maumelle watershed, which provides drinking water to some 450,000 residents in central Arkansas, and the Mill Bayou watershed, which is also a source of drinking water to Pulaski County residents, are threatened by the increase in stormwater runoff. The Coalition seeks an injunction to prevent the development of the Paradise Valley subdivision.

On November 28, 2022, Pulaski County, Arkansas (Pulaski County), moved to dismiss the Coalition's complaint for lack of subject-matter jurisdiction. The motion asserted that pursuant to article 7, section 28 of the Arkansas Constitution, Pulaski County Court was the proper jurisdiction for this lawsuit—not Pulaski County Circuit Court. On December 5, 2022, pursuant to Rule 10(c) of the Arkansas Rules of Civil Procedure, the Ferguson Appellees moved to adopt Pulaski County's motion to dismiss.

On June 2, 2023, the Coalition moved to dismiss Pulaski County from the lawsuit. An order granting the Coalition's motion to dismiss was entered on June 7, 2023, and Pulaski County was dismissed from the lawsuit without prejudice.

On August 31, 2023, a hearing was held on the pending motion to dismiss the Coalition's complaint for lack of subject-matter jurisdiction. At the conclusion of the hearing, the circuit court granted the Ferguson Appellees' motion to dismiss. In its order, the circuit court stated,

> The Arkansas Supreme Court has ruled that when a matter concerns a county road that Article VII, § 28 of the Arkansas Constitution controls and the matter must be heard in County Court. *See Chestnut v. Norwood*, 292 Ark. 498, 731 S.W.2d 200 (1987). The Arkansas Supreme court has also held that when there is a jurisdictional conflict between a state statute and Article VII, § 28 of the Arkansas Constitution that the Constitution controls and the matter must be heard in County Court. *See Butler v. City of Little Rock*, 231 Ark. 834, 332 S.W.2d [812] (1960). Therefore, pursuant to Article VII, § 28 of the Arkansas Constitution, this Court does not have jurisdiction over the Plaintiff's complaint.

In reviewing a circuit court's decision on a motion to dismiss, we treat the facts alleged in the complaint as true and view them in the light most favorable to the plaintiff. *Ark. Dep't of Health v. Solomon*, 2022 Ark. 43. We focus only on the allegations in the complaint and not matters outside the complaint. *Id.* We resolve all reasonable inferences in the complaint's favor and construe the pleadings liberally. *Id.* Because our rules require fact pleading, the complaint must state facts, not mere conclusions, to entitle the pleader to relief. *Id.* Our standard of review for the denial of a motion to dismiss is whether the circuit court abused its discretion. *Id.* As to issues of law presented, our review is de novo. *Id.*

Article 7, section 28 provides that county courts shall have exclusive jurisdiction in matters relating to county taxes, bridges, ferries, and "in every other case that may be

4

necessary to the internal improvement and local concerns of the respective counties." Amendment 80, section 6 provides that circuit courts are courts of original jurisdiction "of all justiciable matters not otherwise assigned pursuant to this constitution."

The Arkansas Supreme Court has provided further clarification regarding the scope of article 7, section 28, since *Centofante I*. On November 13, 2025, the Arkansas Supreme Court handed down *Taylor v. Ferguson*, 2025 Ark. 180, 722 S.W.3d 498. In *Taylor*, which likewise arose from development-related flooding allegedly impacting a neighboring property and a county road. Our supreme court held that private tort claims for flooding and property damage do not fall within article 7, section 28 merely because runoff incidentally affects a county road or public infrastructure. *See id*. The court emphasized that the constitutional grant of exclusive jurisdiction to county courts is not triggered by every dispute that tangentially involves a road or drainage concern; rather, the provision applies to matters that are, in substance, within the constitutional categories assigned to county courts. *See id*.

*Taylor* is instructive and controlling here, although it was not in existence when we first decided this case and does not change our disposition. In fact, it supports our previous ruling. Here, the Coalition's complaint alleges that the Ferguson Appellees' development diverted surface water onto the Coalition members' private property, causing flooding, diminution of value, and interference with use and enjoyment. Although the complaint alleges that Roland Cut Off Road is also affected, the gravamen of the action is damage to private property arising from alleged tortious conduct. As in *Taylor*, the claims sound in

private nuisance, negligence, and diversion of water, which are traditional common law causes of action within the jurisdiction of circuit courts.

The mere allegation that runoff also impacts a county road does not transform this dispute into one "relating to" county roads within the meaning of article 7, section 28. As the supreme court clarified in *Taylor*, incidental or collateral effects on public infrastructure do not divest circuit courts of jurisdiction over otherwise justiciable private disputes. Even under our prior articulation that county courts exercise exclusive jurisdiction when a matter "obviously flows from" a county-related concern, this case does not meet that standard. *See Rapp v. Kizer*, 260 Ark. 656, 543 S.W.2d 458 (1976). The Coalition does not seek to control repair, maintain, or otherwise regulate a county road. Instead, it seeks redress for alleged diversion of water and damage to private property. That such damage may also affect a roadway does not alter the essential nature of the claims.

*Taylor* thus provides further clarification that is important to our analysis: development-related flooding disputes between private parties remain within circuit court jurisdiction unless the claims themselves fall squarely within the constitutional categories assigned to county courts. These claims do not. Additionally, the Coalition seeks injunctive relief. Circuit courts possess general equitable jurisdiction, including the authority to enjoin obstruction or diversion of watercourses. *See Randolph v. Abbott*, 84 Ark. 341, 341–42, 105 S.W. 576, 576 (1907); *Taylor v. Rudy*, 99 Ark. 128, 132, 137 S.W. 574, 575 (1911) (quoting *Holsman v. Boiling Spring Bleaching Co.*, N.J. Eq. 335, 342 (1862)). County courts do not exercise general equitable jurisdiction over such matters. While *Taylor* makes clear that the

nature of the remedy is not dispositive, the availability of equitable relief further underscores that this action lies within circuit court authority.

Accordingly, in light of *Taylor*'s application and clarification of article 7, section 28, and consistent with long-standing principles of circuit court jurisdiction over private tort claims, we again hold that the circuit court erred in dismissing the Coalition's complaint for lack of subject-matter jurisdiction. Because we conclude the circuit court possesses jurisdiction, the issue of transfer to county court is moot, and this court will not review issues that are moot. *See Pinney v. State*, 2020 Ark. App. 467, at 11, 609 S.W.3d 671, 679. To do so would be to render advisory opinions, which this court will not do. *Id*. at 11–12, 609 S.W.3d at 679. A case becomes moot when any judgment rendered would have no practical legal effect upon a then-existing legal controversy. *Id*. at 12, 609 S.W.3d at 679.

We therefore reverse the order of dismissal and remand for further proceedings.

Reversed and remanded.

HARRISON and TUCKER, JJ., agree.

*Richard Mays Law Firm PLLC*, by: *Richard H. Mays*, for appellants.

*Wright, Lindsey & Jennings LLP*, by: *Michael A. Thompson* and *Antwan D. Phillips*, for appellees.

7